## BURNSIDE v. WATKINS.

1. While a Circuit Judge at a term succeeding that at which a judgment was obtained, may certify that such judgment was based upon the purchase money of a certain tract of land, &c., yet it is doubtful whether this court can review a refusal to so certify where the refusal is based solely upon insufficiency of testimony to sustain the fact.
2. The facts agreed upon not showing that a bond was given for the purchase money of a certain tract of land, and for no other consideration, the Circuit Judge did not err in refusing so to certify on a judgment based upon said bond.

Before FRASER, J., Laurens, July, 1889.

The opinion states the case, but see *Burnside* v. *Watkins*, 30· S. C., 459.

*Messrs. Ferguson & Featherstone*, for appellant.

*Mr. W. H. Martin*, contra.

March 8, 1890.   The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. This was a motion by the appellant to have endorsed on a judgment and execution issued thereon, obtained by appellant against the defendant, Elizabeth C. Watkins, that $286.66 of said judgment was for the purchase money of a certain tract of land assigned to the said Elizabeth in partition of the real estate of her husband, deceased, it being contended that the land assigned exceeded in value her third by the amount above specified.   The endorsement claimed was not entered when the judgment was obtained, and a homestead having been claimed, this motion was made before his honor, Judge Fraser, at a subsequent term of the court for said endorsement, so as to cut off the said claim of homestead.   Judge Fraser refused the motion, "stating that he thought that it would be an inexcusable disregard of the opinion of the Supreme Court, and a plain violation of the terms of the Statute, section 2001, for him to make the endorsement asked for, and that he was unable to certify that the process was issued for the purchase money, or some of the

other purposes mentioned in the statute, *and no other.*" He therefore ordered the motion to be dismissed with $10 costs. The exceptions allege error to this ruling.

The appellant, to sustain his appeal, relies upon the case of *Green* v. *Spann*, 25 S. C., 273. In that case a motion very similar to the one made here, was granted by his honor, Judge Wallace, and it is authority for the power of a Circuit Judge to act in such a case; and if his honor, Judge Fraser, had declined to grant the motion here on the ground that he had no power to do so, as beyond his jurisdiction, this case *supra* would have been in point. But such was not the ground of his refusal. The main ground was, that he was unable to certify as proposed; in other words, that the testimony offered did not warrant him to make the certificate. Now, even supposing that we could go behind this refusal and look into the case as to the facts, which is doubtful, yet was there error, even in that point of view?

It seems that the motion was made upon an agreed statement of facts. In this statement it is alleged that at a certain date, to wit, November 23, 1870, the lands of Elisha Watkins, deceased, were partitioned in the Probate Court for Laurens County between his heirs at law; that a certain tract was assigned to his widow, and that she bought a certain other tract. Further, that on December 19, 1870, Mrs. Elizabeth C. Watkins executed a bond to the probate judge in the penal sum of $1,573.33, conditioned to pay $786.67, &c. It is further stated that no parol testimony was offered in this proceeding as to the consideration of said bond; that afterward suit was brought and judgment obtained on this bond by the plaintiff as successor of the former probate judge. These seem to be all of the material facts agreed upon, and bearing upon the question at issue here.

Under this state of facts we cannot say that the Circuit Judge erred in his refusal. It does not follow that because certain lands of Elisha Watkins were partitioned in the Probate Court, at one time, between his heirs at law, one of whom was his widow, and that she, shortly after this partition, gave a certain bond to the probate judge, that this bond had any connection with the said partition proceeding; but even if this could be assumed, it does not follow that said bond represented in whole or in part an

excess over and above the value of her third in the land assigned to her, especially when it is stated in the agreed statement of facts, that no parol testimony was offered as to the consideration of the bond. It may be all true that this bond was given as claimed, and that the land assigned to the widow was greater in value than her third by the exact amount alleged, to wit, $286.-66. But before the judge could make a certificate to that effect, it was proper that he should have satisfactory evidence thereto. He says "he was unable to make the certificate, that the process was issued for the purchase money or some of the other purposes mentioned in the statute, and *no other*," and in this we cannot say that he erred.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.