WILLINGHAM v. WILLINGHAM.

JUDGMENT—EXECUTION—PURCHASE MONEY CONTRACT—HOMESTEAD.—
The admissions in defendant's answer that he had given some such notes as those sued on for purchase money of land whereon he lives, and verdict of jury for amount of notes, are sufficient for a subsequent Judge to certify on execution that it was issued to enforce purchase money contract.

Before TOWNSEND, J., Anderson, March, 1899. Reversed.

Motion by J. N. Willingham, administrator of John Willingham, in case of W. A. Willingham *v.* A. L. Willingham and J. N. Willingham, as administrator of John Willingham, for certificate on execution that process was issued on purchase money contract. From order refusing motion, mover appeals on following exceptions:

I. Because his Honor erred in holding that he could not find from the pleadings as a fact that the judgment was rendered for the purchase price of any particular tract of land, because the complaint shows that the notes upon which judgment was obtained were given for the purchase money of a tract of land situate in the county and State aforesaid, on which the defendant, A. L. Willingham, resides, and which was conveyed to him by John Willingham.

II. Because his Honor erred in overruling the motion on the ground that he could not certify "that the notes upon which judgment was obtained were given for the purchase money of any particular tract of land," because the statute does not require that he should certify "that the judgment was obtained for the purchase money of any particular tract

of land," and he was not asked to certify that it was obtained for "the purchase money of any particular tract of land."

III. Because his Honor erred in overruling the motion, because it appears by the answer of the defendant, A. L. Willingham, that he admits that on or about the 18th day of September, 1889, which is the date of the notes sued on, he executed and delivered to John Willingham certain notes similar in purport to those set out in the first paragraph of each cause of action of said complaint, and for the consideration mentioned in paragraph IV. of the complaint, but that defendant does not know whether the notes sued on are the same, and demands that the originals be produced; and because it appears from the record which was before Judge Townsend, that said notes were produced on the trial, and were the same upon which verdict was rendered by the jury in favor of J. N. Willingham, as administrator of John Willingham, deceased, against A. L. Willingham.

IV. Because his Honor erred in overruling the motion, since it appears by the record that the very question of the identity and consideration of these notes was the issue decided by the jury when they found a verdict in favor of J. N. Willingham, as administrator of John Willingham, against A. L. Willingham: The said Willingham having been allowed to intervene and set up his claim to these very notes as administrator of the estate of John Willingham, deceased.

V. Because his Honor erred in overruling the motion, as it appears from the whole record that judgment was obtained on obligations given for the purchase money of real estate, and that process was issued to enforce the collection thereof and for no other purpose. And it then became a question for the sheriff to ascertain if the defendant were still in possession of said land.

*Messrs. Bonham & Watkins,* for appellant, cite: *The Circuit Judge had authority to make the certificate:* Rev. Stat., 2133; 19 S. E. R., 40; 25 S. C., 274; 30 S. C., 465.

*Messrs. Tribble & Prince,* contra.   The former cites: *Certificate could only be obtained on satisfactory evidence:* 32 S. C., 249.   *Verdict put plaintiff out of Court, and his complaint was denied.   This leaves no admissions as to notes:* 15 S. C., 268; 27 S. C., 167; Code, 180.   *Many and inconsistent defenses may be set forth:* 5 S. C., 354; 9 S. C., 440.

July 3, 1899.   The opinion of the Court was delivered by

MR. JUSTICE POPE.   W. A. Willingham, on the 15th March, 1897, brought this action against A. L. Willingham, as defendant, to recover what was due on three notes given by said A. L. Willingham to his father, John Willingham, and alleged that the consideration of said three notes was one tract of land in the county of Anderson and said State, on which land the said A. L. Willingham resides—such notes aggregated $274 and interest thereon from 18th September, 1889.   By his answer, the defendant, A. L. Willingham, seemingly, denied all the allegations of the complaint, but he admitted that on the 18th September, 1889, he executed and delivered to John Willingham three certain notes similar in purport to those set out in the complaint, and for the consideration mentioned in paragraph IV. of the complaint ("That the consideration of the said notes above described was one tract of land, situated in the county and State aforesaid, on which the defendant now resides, conveyed to the said defendant by John Willingham"), but he was unable to say the notes sued on were the same.   By this same answer, he also denied that the plaintiff was the owner and lawful holder of said three notes, but averred that he obtained possession thereof from his father, the said John Willingham, while he was *non compos mentis,* under pretensive, fraudulent and void judgments; that John Willingham was now deceased, and J. N. Willingham had been recently appointed the administrator of the personal estate of said John Willingham, deceased, and he prayed that J. N. Wil-

lingham, as administrator of the estate of John Willingham, deceased, be made a party defendant to this action. Accordingly, the said J. N. Willingham, as said administrator, did exhibit his petition in the above cause, and was made a party defendant. At the trial of the issues between the plaintiff, W. A. Willingham, and A. L. Willingham, and J. N. Willingham, as administrator, the verdict was: "We find for the defendant, J. N. Willingham, as administrator of John Willingham, in the sum of $324.34, *against A. L. Willingham, defendant"* (italics ours). Judgment was entered on this verdict and execution issued. When it was sought to levy the execution upon the land defendant lived on, the defendant, A. L. Willingham, demanded that homestead be set off to him.

Upon notice, a motion was made before Judge Townsend, "to certify on the execution that the judgment in the case was obtained on obligations given for the purchase money of land, and that process was issued to enforce the collection of the purchase money of said land, and no other." The three notes sued on and set out in the complaint were put in evidence, as also the record. Judge Townsend made this order: "On hearing the motion of J. N. Willingham, as administrator of John Willingham, that I certify on the execution in the above entitled case that judgment was obtained on obligations given for the purchase money of real estate, and that process was issued to enforce the collection of said purchase money, and no other; and after argument of counsel and examination of the record in said cause, no other proof, not even the evidence taken on the trial, being brought to my attention, I must decline to make such certificate. I cannot find from the pleadings as a fact that the judgment was rendered for the purchase money of any particular tract of land. The motion is overruled."

J. N. Willingham, as administrator of John Willingham, deceased, now appeals. The grounds of appeal are five in number. They may be reported. There is but a single question here: did Judge Townsend err in refusing this

motion on the ground incorporated in his order? It is no longer an open question that the certificate may be made on the execution or other record that the debt sought to be collected is for the purchase money of the land to be sold to satisfy the debt by another Judge than the one who heard the cause, and at a subsequent term. *Green* v. *Spann,* 25 S. C., 273; *Burnside* v. *Watkins,* 30 S. C., 459. Now, then, was it error to refuse the motion? As before remarked, the Circuit Judge had jurisdiction to hear the motion. Under section 32 of article II. of the Constitution of 1868, as amended in 1880, after providing for the homestead of $1,000 in land and the exemption of $500 of personalty, it is stated: *"Provided,* That no property shall be exempt from attachment, levy or sale for taxes, *or for payment of obligations contracted for the purchase of said homestead,* or the erection of improvements thereon" (italics ours). By this same section of article II. it was made the duty of the General Assembly, at its first session thereafter, "to enforce the provisions of this section by suitable legislation." Accordingly we find that the General Assembly did so, and its action, so far as the certificate in question is concerned, may be found in sec. 2133 (formerly 2001), vol. 1, of the Revised Statutes of the State, in these words: "The exemption contained in the preceding sections of this chapter shall not extend to an attachment, levy or sale on any mesne or final process to secure or enforce the payment either of taxes or of obligations contracted for the purchase of said homestead, or for the erection of improvements thereon: *Provided,* The Court or authority issuing said process shall certify thereon that the same is issued for some one or more of said purposes, and no other * * *" The purpose, the Circuit Judge in the case at bar was called upon to certify, was that the judgment was to enforce the payment of obligations contracted for the purchase of said homestead, and for no other purpose. The Circuit Judge, as we understand his position, seems to regret that other evidence, not even that added at the trial of the case, was brought to his attention. In the absence of any

other evidence than *these notes and the pleadings in the case and the verdict of the jury,* was not the conclusion inevitable that the defendant, A. L. Willingham, was in possession, having his residence thereon, of the tract of land he purchased from his father, John Willingham, and for the purchase money of which he executed the three notes to his father, John Willingham? He so asserts, in effect, in his answer. It was because he had contracted these obligations for the purchase money of this homestead, and because such obligations had got into the hands of the plaintiff, W. A. Willingham, in a most unrighteous manner, according to the pleadings and to the verdict of the jury, and that on the death of his father, John Willingham, his administrator, ought to hold such three notes and collect the said notes from the defendant, A. L. Willingham, who was also a son of John Willingham; that the said A..L. Willingham put on record the answer we have heretofore quoted. Such answer, it will be seen, contains so many solemn admissions by A. L. Willingham that he should not be allowed to keep the lands of his father as his, A. L. Willingham's, homestead, when he has never paid one dollar therefor. The facts are too strongly set forth in the pleadings by his own solemn admissions to allow the action of Judge Townsend to stand.

It is the judgment of this Court, that the order of Judge Townsend be reversed and the action remanded to the Circuit Court for such further proceedings as may be necessary.