7352

## HOLLADAY v. HODGE.

1. RECEIVER—EQUITY.—An action in equity for appointment of a receiver of crops, which it is alleged the owner is disposing of to defraud the holder of a judgment against him for labor in the crops, the levying of an execution under the judgment having been enjoined, may be maintained as plaintiff has no adequate remedy at law.

2. JUDGMENT.—When the Judge making an order appointing a receiver of crops omits to certify on the order that it was issued to enforce an obligation contracted in the production of the crop and for no other purpose, a succeeding Circuit Judge may make such indorsement.

Before WATTS, J., Clarendon, October, 1908.    Affirmed.

Action by Joseph Holladay, by guardian, against Joseph N. Hodge and Martha Hodge. From order appointing receiver, defendant appeals.

*Mr. L. D. Jennings,* for appellant, cites: *Another action pending defeats this action:* Code of Proc., 165; 53 S. C., 155; 15 Ga., 270; Hob., 137; 35 N. E., 292; 1 Cyc., 33, 761-3; 51 S. C., 134. *Complaint does not show plaintiff had any apparent right to property:* 79 S. C., 103; 18 S. C., 513. *Contract must be witnessed:* Code 1902, 2715; 79 S. C., 103; 18 S. C., 513.

*Mr. Charlton DuRant,* contra.

October 30, 1909. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. The plaintiff brought an action in the court of a magistrate and obtained judgment against defendant for the sum of $48. The magistrate certified that the judgment was for services rendered by plaintiff to defendant in making his crops of 1908. On application of the defendant his Honor, Judge Wilson, issue a writ of

prohibition against the enforcement of the judgment, holding that the magistrate had no jurisdiction. The plaintiff appealed from the order allowing the writ, and brought this action for injunction and the appointment of a receiver.

The plaintiff alleges that he is a minor, about eighteen years of age; that he was employed by defendant, as a farm laborer, from February 1 to July 31, 1908, under a contract whereby he was to receive for his services fifteen dollars in money, his board and washing during that period, and the proceeds of three acres of land, which defendant agreed to cultivate the same as he cultivated his own crops; that he performed the contract, on his part, till June 1st, when the defendant, without reason, broke his agreement, cursed and abused him, and prevented him from further performing the contract, and took possession of the three acres of land of which he was to have the proceeds; that he elects to rescind the contract and recover the value of his services, which he alleges is $60; that he has a lien, under the statutes, on the crops of the defendant, made by his labor; that the defendant is insolvent, and has repeatedly boasted that he would defeat his claim by disposing of his crops before the plaintiff could have them levied on under his judgment; that he has already disposed of a part of said crops, and is gathering and and disposing of the balance as fast as possible.

Upon the application of plaintiff his Honor, Judge Watts, issued a temporary restraining order, and required defendant to show cause why a receiver should not be appointed. For cause the defendant demurred to the complaint, on the grounds:

1. That it appeared that another action was pending between the same parties for the same cause, referring to the case in the magistrate's court, and, therefore, the Court had no jurisdiction.

2. For insufficiency, as to the allegation that plaintiff was entitled to a lien on defendant's crops, under the statutes: (a) Because it was not alleged that the contract was wit-

nessed by at least one disinterested witness. (b) Because it appears that plaintiff has elected to rescind said contract.

The demurrer was overruled, and the defendant filed his return, denying all the allegations of the complaint and setting up the same grounds as in the demurrer.

His Honor held the return insufficient, and passed an order appointing a receiver, with power to take charge of so much of the crops as may be necessary to pay the plaintiff's claim and the costs of the collection thereof, and the expenses of the receivership. The order provided that, upon the execution of a bond by the defendant, in the sum of $200, with sureties to be approved by the clerk, conditioned to account for and pay over so much of the proceeds of said crops as might be necessary to satisfy said demands, if it should be finally decided that plaintiff was entitled thereto, the defendant might apply for an order discharging the receiver. The defendant appealed.

The exceptions raise the same points made in resisting the appointment of the receiver, and the additional point that it was error to issue process, whereby the crops of defendant were seized, without certifying thereon that it was issued to enforce the payment of an obligation contracted in the production thereof, the defendant being entitled to a homestead.

We do not consider this an action on the judgment of the magistrate's court, but merely an action in equity, invoking the well known jurisdiction of that court, in the enforcement of the judgment, and in preventing the defendants from disposing of the only property which could be subjected to the payment of the judgment, with the alleged intent, which is admitted by the demurrer, of defeating the collection of the judgment. That, if true, was a meditated fraud upon the rights of the plaintiff, which gave the Court, in the exercise of its chancery powers, the right to prevent it; for fraud is one of the well recognized subjects of equity jurisdiction. The plaintiff was pursuing the only remedy he had at law, by proceeding to obtain a judgment

against the defendant and have the crops, produced by his labor, levied on, when he was enjoined at the instance of the defendant, and this act of the defendant, in procuring the writ of prohibition, is alleged to be a part of the scheme to prevent the seizure of the crops until the defendant could dispose of them.    Therefore, it does not lie in the mouth of the defendant to say that plaintiff has an adequate remedy at law.    True, the plaintiff had no lien on the property, but he could have obtained one by levy of his execution, if the defendant had not prevented it by injunction.

In *Austin* v. *Morris,* 23 S. C., 393, the Court, at page 402, said : "This being a proceeding in which equitable relief is sought, in having the mortgages declared void, it is objected at the very threshold that it is premature, and the Court has no jurisdiction to entertain the case—that, admitting the truth of all the allegations of the complaint, the creditors have no right to be heard in this Court until they show that they had recovered judgment at law against the debtor, and the execution thereon had been returned *nulla bona* before the proceedings were instituted.    It is certainly true that equity has no jurisdiction where there is a plain and adequate remedy at law, and it is generally required that the want of such plain and adequate remedy should be shown by a judgment and a return of *nulla bona* against the debtor—that is to say, *inter vivos,* for it does not seem to be considered necessary in the case of a decedent debtor. * * *  As we understand it, however, there is no law requiring such preliminary proceedings as an indispensable prerequisite to seeking equitable relief, but it has been adopted by the courts as the most satisfactory manner of proving that which is indispensable to such relief, viz., the fact that the party has no adequate remedy at law; that the debtor is insolvent, and, outside of the property in contro-versy, has not the means from which payment may be made. This is the very purpose of requiring judgment and a return of *nulla bona.*    If that is shown by other proof, or the admissions of the party, I never could see why judgment

should be insisted on as an indispensable prerequisite. Why insist upon that evidence if there is other perfectly satisfactory evidence of the fact in question, especially if the circumstances are such that the delay in getting judgment may be fatal to the relief sought. For instance, in this case the allegations of the complaint, admitted by the demurrer, and, as the Circuit Judge says, 'substantially proved,' were that David Morris was utterly insolvent, indeed owned no property whatever outside the stock of goods covered by the conveyances assailed. In such case, it is difficult to conceive of any necessity for the useless proceeding of suing him to judgment at law, especially since the courts of law and equity are united, and the creditor can ask judgment on his demand and for equitable relief in the same action. Could there be any other result of requiring such a preliminary proceeding than to afford by the delay an opportunity to the defendants, with their expeditious mode of procedure, to appropriate the personal property involved, and entirely emasculate and make useless the proceeding. The plaintiffs needed much the protection of equity, and they needed it promptly."

In *Harmon* v. *Wagner*, 33 S. C., 487, 12 S. E., 98, the Court, at page 495, said: "The executor, Harmon, instituted this action, one of the objects of which was to enjoin the creditors from suing him at law; and if no progress can be made on the equity side of the Court until such judgment and return are shown, the executor would surely be beyond reach on either side of the Court. We do not think the rule of evidence in question has any proper application to a case like this. See *Pelzer, Rodgers & Co.* v. *Hughes,* 27 S. C., 408, 3 S. E., 781, and *Austin Nicholls & Co.* v. *Morris,* 23 Id., 408, both of which were cases *inter vivos.*"

Section 2633, vol. I, Code 1902, provides: "The yearly products of said homestead shall be subject to attachment, levy and sale to secure or enforce the payment of obligations contracted for provisions or other necessary articles purchased, or advances in money, or merchandise procured, to

8—84

be used or expended in the production of the same, or of other obligations contracted in the production of the same, and of none other; but the Court issuing the process therefor shall certify thereon that the same is issued for the said purpose, and no other."

We think his Honor should have certified on the order appointing the receiver of the crops that it was issued to secure or enforce the payment of an obligation contracted in the production of said crops, and for no other purpose. But it does not appear that the matter was called to his attention, and we do not regard his failure to do so as fatal to the validity of the order. The proper certificate can be made by a succeeding Circuit Judge. *Green* v. *Spann*, 25 S. C., 273; *Burnside* v. *Watkins*, 32 S. C., 247, 10 S. E., 960; *Willingham* v. *Willingham*, 55 S. C., 441, 33 S. E., 500.

Judgment affirmed.