## WALKLEY *v.* CITY OF MUSCATINE.

After judgment at law for a sum of money against a municipal corporation, and execution returned unsatisfied, mandamus, not bill in equity, is the proper mode to compel the levy of a tax which the corporation was bound to levy to pay the judgment.

APPEAL from a decree of the Circuit Court of the United States for Iowa.

A bill had been filed in that court to compel the authorities of the city of Muscatine to levy a tax upon the property of the inhabitants, for the purpose of paying the interest on certain bonds, to the amount of $130,000, that had been issued for the benefit of the Mississippi and Missouri Railroad Company. It appeared that a judgment had been recovered in the same court against the city for $7666, interest due on the bonds held by the plaintiff; that execution had been issued and returned unsatisfied, no property being found liable to execution; that the mayor and aldermen had

been requested to levy a tax to pay the judgment, but had refused; that the city authorities possessed the power under their charter to impose a tax of one per cent. on the valuation of the property of the city, and had made a levy annually, but had appropriated the proceeds to other purposes, and wholly neglected to pay the interest on the bonds before the judgment, or to pay the judgment since it was rendered. The bill prayed that the mayor and aldermen might be decreed to levy a tax, and appropriate so much of the proceeds as might be sufficient to pay the judgment, interest, and costs. An answer was put in, and replication and proofs taken. On the hearing the court dismissed the bill. The creditor appealed.

*Mr. J. Grant, for the appellant:*

In *The Board of Commissioners of Knox County* v. *Aspinwall*,* where the application was for a mandamus to compel the levy of a tax, this court, in answer to an argument that the creditor could have relief in equity alone, say:

"A court of equity is sometimes resorted to as ancillary to a court of law in obtaining satisfaction of its judgment. It is no objection to the writ of mandamus that the party might possibly obtain another remedy by new litigation in a new tribunal."

The court holds, apparently, that a writ of mandamus is a cumulative remedy, and does not oust the court of equity of its jurisdiction.

*Mr. W. F. Brannan, contra.*

Mr. Justice NELSON delivered the opinion of the court.

We are of opinion the complainant has mistaken the appropriate remedy in the case, which was by writ of mandamus from the Circuit Court in which the judgment was rendered against the defendants. The writ affords a full and

---

* 24 Howard, 385.

adequate remedy at law.    There are numerous recent cases in this court on the subject.*

We have been furnished with no authority for the substitution of a bill in equity and injunction for the writ of mandamus.    An injunction is generally a preventive, not an affirmative remedy.    It is sometimes used in the latter character, but this is in cases where it is used by the court to carry into effect its own decrees—as in putting the purchaser under a decree of foreclosure of a mortgage into the possession of the premises.    Even the exercise of power to this extent was doubted till the case of *Kershaw* v. *Thompson,*† in which the learned chancellor, after an examination of the cases in England on the subject, came to the conclusion he possessed it; not, however, by the writ of injunction, but by the writ of assistance.    Chancellor Sanford, who adopted the practice in *Ludlow* v. *Lansing,*‡ observed that it was not usual before the case of *Kershaw* v. *Thompson,* but that he had examined all the cases cited, and that the English cases seemed to warrant the decision.    He further observed that if the decision of the late chancellor was in any respect new, the innovation was, in his opinion, judicious and fit.

The counsel for the complainant has referred to some expressions by the learned judge in the opinion delivered in the case of *The Board of Commissioners of Knox County* v. *Aspinwall,* as giving countenance to the remedy by bill in equity; but this is a clear misapprehension.    It is there observed, "that a court of equity is sometimes resorted to as auxiliary to a court of law in obtaining satisfaction of judgments.    But no court," he observes, "having proper jurisdiction and process to compel the satisfaction of its own judgments, can be justified in turning its suitors over to another tribunal to obtain justice."    We add, that a court of equity is invoked as auxiliary to a court of law in the enforcement

---

* Board of Commissioners of Knox County v. Aspinwall, 24 Howard, 376; Supervisors v. United States, 4 Wallace, 435; Von Hoffman v. City of Quincy, Id. 535; City of Galena v. Amy, 5 Id. 705.

† 4 Johnson's Chancery, 609.

‡ 1 Hopkins, 231; see also Valentine v. Teller, Id. 422.

of its judgments in cases only where the latter is inadequate to afford the proper remedy. The principle has no application in the present case.

DECREE AFFIRMED.