SAFE-DEPOSIT & TRUST CO. OF BALTIMORE v. CITY OF ANNISTON.

(Circuit Court, N. D. Alabama, S. D.   September 11, 1899.)

1. EQUITY—REMEDY AT LAW.
    A municipal corporation, though insolvent, cannot be enjoined from using its funds, nor can its funds be subjected, by equity, to the payment of a judgment, when there is an adequate remedy by mandamus.

2. SAME—PLEADING—DEMURRER—REMEDY AT LAW.
    A bill in equity against a municipal corporation to enjoin use of its funds, and to subject them to the payment of a judgment, is demurrable when it fails to allege an attempt to use the remedy by mandamus, or facts showing the inadequacy of that remedy.

3. SAME—REMEDY AT LAW IN THEORY.
    Equity can give no relief where there is a remedy at law in theory, although the legal remedy is inadequate in practice.

In Equity.

J. J. Willett and Skipwith Wilmer, for complainant.

Knox & Bowie, F. L. Blackmon, and Caldwell & Johnston, for defendant.

SHELBY, Circuit Judge.   This cause has been submitted on motion to dissolve the restraining order heretofore granted, and on demurrer to the bill.   The complainant is a corporation organized in the state of Maryland.   The defendant is a municipal corporation in the state of Alabama.   The bill, which is sworn to, shows that the complainant recovered two judgments at law in this court against the defendant in suits on past-due coupons for sums amounting in the aggregate to $29,869.99.   Executions have been issued on them, and returned "No property found."   The judgments are wholly unpaid, and the city has made no appropriation to pay them.   The city has appropriated to the public schools of the city for the fiscal year 1898–99 the sum of $3,980.   Part of this sum has already been paid for school purposes, and part of it is still held by the city.   The coupons which formed the basis of the judgments to the extent of $10,000 were issued and negotiated by the city before the establishment of any public-school system in the city of Anniston.   It is alleged that the city of Anniston "is wholly insolvent, * * * and that, if defendant is permitted to appropriate and pay this money out for public schools, * * * it will be a great wrong upon orator, and orator will be practically remediless."   It is also alleged that the city is paying out said sum of $3,980 day by day for school purposes, and that

the amount in its hands is getting less every day. The prayer of the bill is for a writ of injunction to enjoin the defendant from appropriating or paying out any money on account of the public schools in the city of Anniston other than that derived from the state for school purposes. There is also a prayer for a writ commanding the defendant to pay over the said sum of $3,980 for and on account of said judgments. The complainant obtained an order on this bill, setting the application for the injunction down for hearing, and in the meantime restraining the defendant as prayed for in the bill. The defendant filed a motion to dissolve this restraining order, and also demurred to the bill. The grounds of demurrer assigned are, in substance, that the bill is without equity; that the complainant has a complete and adequate remedy at law; and that a court of equity is without jurisdiction to grant the relief prayed for. In Walkley v. City of Muscatine, 6 Wall. 481, it was held that mandamus, and not bill in equity, is the appropriate remedy to enforce the levy of a tax to pay a judgment against a municipal corporation. This is conceded in the argument for complainant, but it is contended that, as a surplus fund is already in the hands of the city officers, equity has jurisdiction to enforce its application to the payment of the judgment, and to enjoin its use for other purposes. Ordinarily, the remedy by mandamus is found adequate to secure the collection and the application of the fund. The application of the fund to the payment of the judgment debt is only part of what is usually done by the process of mandamus. If the levy, collection, and application of the tax can all be enforced at law by mandamus, the power of a court of equity is not needed to enforce the application of a fund already in hand. In Thompson v. Allen Co., 115 U. S. 559, 6 Sup. Ct. 144, the court said: "If the common-law court can compel the assessment of a tax, it is quite as competent to enforce its collection as a court of chancery. Having jurisdiction to compel the assessment, there is no reason why it should stop short, if any further judicial power exists under the law, and turn the case over to a court of equity." If it be conceded, therefore, on the averments of the bill, that the complainant is entitled to have the $3,980 raised as a school fund applied to the part payment of the judgments sued on,—a question not necessary to be now decided,—the remedy to enforce its application is by mandamus at law, and not by bill in equity. Hausmeister v. Porter, 21 Fed. 355.

There is no allegation in the bill showing that the judgments cannot be collected by proceedings at law by mandamus. It is averred that the defendant is insolvent. That averment can only mean that it has no property subject to execution,—a fact shown, also, by the sheriff's return on the executions. This condition is usual with municipal corporations, because of the fact that their property which is needed for public purposes—and they rarely own any other—is not subject to execution. The resources from which their debts are usually paid are derived from taxation. It does not appear from the bill that such resources cannot be made available to pay the judgments. In a case where the legal remedy by mandamus had been exhausted, proving ineffectual by reason of the refusal of citizens of the municipality to accept office, through which alone the taxes could

be collected, it is held by the court of last resort that equity can afford no remedy. Rees v. City of Watertown, 19 Wall. 107. This being settled, it must follow, for stronger reasons, that equity has no jurisdiction when the usual proceedings at law have not been tried, and when facts are not alleged showing that the judgments cannot be collected by such proceedings. In cases of judgments against municipal corporations, the writ of mandamus is looked on as the final process of the court; it performs, in substance and effect, the office of a writ of execution. 2 Dill. Mun. Corp. (4th Ed.) § 861. Both by statute and by the general principles of law and of equity jurisprudence the federal courts are prohibited from exercising jurisdiction in equity when there is a plain, adequate, and complete remedy at law. Rev. St. U. S. § 723. If the remedy at law is adequate in theory, it deprives equity of jurisdiction, although practically it may be inadequate to secure the collection of the claim sued on. "By inadequacy of the remedy at law is here meant, not that it fails to produce the money,—that is a very usual result in the use of all remedies,—but that, in its nature or character, it is not fitted or adapted to the end in view." Thompson v. Allen Co., 115 U. S. 554, 6 Sup. Ct. 140; Rees v. City of Watertown, 19 Wall. 107; 2 Dill. Mun. Corp. (4th Ed.) § 855. Usually the question as to whether a municipal corporation is acting within the limits of its authority raises a question of law to be settled on purely legal principles, unmixed with equity. It follows that the chancery court has no general jurisdiction to restrain, review, or set aside irregular, or even illegal, proceedings of such a corporation. Such jurisdiction, except in special cases, belongs to courts of law. 2 Dill. Mun. Corp. (4th Ed.) § 907, note 1; Id. p. 1092, note 1.

Where the averments of a bill show an honest debt, and a refusal to pay it,—"a high offense in a commercial community,"—it is with reluctance that the court turns the complainant away on demurrer. Relief would be willingly given if the law permitted it. The restraining order heretofore made must be discharged, and the demurrer to the bill sustained, and the bill dismissed. Decree accordingly.

### On Application for Rehearing.

#### (September 25, 1899.)

It is suggested in the argument that the city is levying the extreme rate of taxation allowed by the constitution of Alabama, and that the bill before the court is filed in aid of a suit at law. I do not think that these and other matters referred to in the argument sufficiently appear from the averments of the bill to make it proper to consider them in rendering an opinion on the motion and demurrer submitted. In deciding the demurrer, the averments of the bill only can be looked to. It is urged on this application that, in the event it is denied, the court should extend the opinion so as to decide whether or not "it would be a defense on the part of the city of Anniston to state in its answer to the rule nisi in the mandamus proceeding that it had expended the money" referred to in the bill. The bill does not aver the pendency of mandamus proceedings, and, if it did, it would perhaps

be better to permit this question to be decided when it is put in issue in such proceedings. The court has carefully examined the application for a rehearing, and the authorities cited in support of the same, and is constrained to deny it. The application for rehearing is denied.