13639

PRESSLEY v. NUNNERY, COUNTY SUPT. OF EDUCATION

(169 S. E., 413)

October, 1932.

*Messrs. Hemphill & Hemphill,* for appellant,

*Mr. James H. Glenn,* for respondent,

May 16, 1933.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

For the sake of clarity, in our consideration of the several questions presented by the appeals taken in this case, we shall

refer to the respondent-appellant as plaintiff and to the appellant-respondent as defendant.

The facts involved are undisputed. On October 31, 1932, the plaintiff presented to Hon. T. S. Sease, presiding Judge of the Sixth Circuit, her verified petition, alleging that she was a duly qualified teacher under the laws of this State and had been employed by the Board of Trustees of Sandy River School District No. 5, in Chester County, to teach the Sealey's Creek School, one of the common free schools of that district, for the scholastic year 1932-1933, and that she had, beginning in August, 1932, gone to the schoolhouse during school days, for two months, and taught or offered to teach the school. She also alleged that two pay warrants on the County Treasurer of Chester County, signed by the three trustees of the district, had been issued in her favor, each for the sum of $75.00, one dated September 23, and the other October 21, 1932, to pay for her services so rendered; that she thereafter presented these warrants to the defendant, who was County Superintendent of Education for Chester County, and requested him to approve them in writing, as required by law, but that he refused to do so, with the result that she had been unable to collect them. She asked that a writ of mandamus issue, requiring the defendant to approve the warrants for payment, and that she be given judgment against him for attorney's fees and costs.

Upon presentation of the petition, a rule to show cause was issued. The defendant made return and answer, giving a circumstantial account of plaintiff's election as teacher by the board of trustees, protests by patrons of the school, and proceedings with reference thereto before the County Board of Education. He also demurred to the petition on the following grounds: (1) That it did not state facts sufficient to constitute a cause of action for mandamus; (2) that there was no allegation that the plaintiff had appealed to the proper school tribunals provided by statute for relief; (3)

that it was not alleged that plaintiff was without an adequate remedy at law.

Judge Sease, who heard the matter at Chester, on November 18, 1932, held as follows: (1) "That the matters and things set forth in the petition are not such 'a matter of local controversy' as should be determined by the school tribunals created by the statute laws of this State;" (2) that, the trustees of the school district having issued and signed the pay certificates involved, the plaintiff had no right of action against them or the school district for breach of contract; and (3) that written approval of the pay certificates was a purely ministerial act of the defendant. He therefore overruled the demurrer and issued a writ of mandamus requiring the defendant to indorse his written approval on the warrants. He held, however, that the plaintiff was not entitled to attorney's fees or damages.

From so much of the Court's order as overruled the demurrer and granted the writ of mandamus, the defendant appeals; and from so much of the order as disallowed attorney's fees, the plaintiff appeals.

### Defendant's Appeal

Subdivision 2 of Section 5384 of the Code of 1932 provides that the board of trustees shall have authority "to employ teachers from those having certificates from their county board of examiners or from the State Board of Education, and .fix their salaries, and to discharge the same when good and sufficient reasons for so doing present themselves, *subject to the supervision of the County Board of Education.*" (Italics added.)

The contention of the defendant is that, under the italicized language above quoted, there can be no legal and binding contract of employment of a teacher except with the approval of the County Board of Education, either express or implied. In support of this position, counsel cite *State ex rel. Bryson v. Daniel,* 52 S. C., 201, 29 S. E., 633, 634, where the

Court, construing Subdivision 2 of what is now Section 5384 of the Code, said: " * * * While * * * the board of trustees are empowered to employ teachers, and fix their salaries, this power must be exercised 'subject to the supervision of the County Board of Education.' When, therefore, the contract in question was made by the three trustees of School District No. 6 with the petitioner, there was incorporated into such contract a provision that such contract was subject to the supervision of the County Board of Education for Laurens County."

The Court in its opinion in the *Daniel case* does not undertake to say just how the "supervision" given the County Board of Education may apply and be exercised in the matter of election of teachers. Certainly, the county board itself cannot elect; that authority is reserved by law to the trustees. We think, upon consideration, if proper effect is given to Subdivision 2 as a whole, as it should be, that the evident purpose of the supervision provided for is merely to vest the County Board of Education with the authority of an appellate tribunal in the matters named. To illustrate, with especial reference to the employment of teachers: If, after the election of a teacher by a board of trustees, complaint should be made to the County Board of Education, by petition of patrons or other affected parties, or otherwise, that for reasons given the person employed is unfitted to teach or the employment of such person will result in harm to the school, etc., as was here alleged, it then becomes the duty of the board, under the provision of law quoted, to consider the matter, giving such hearings to the parties affected as may be proper in the circumstances, and, by express action, to indicate its approval or disapproval of the contract of employment. The election of a teacher being a "matter of local controversy," any party aggrieved may appeal, from the board's approval or disapproval of the action of the trustees, to the State Board of Education. *State ex rel. Windham v. Dick,* 134 S. C., 46, 131 S. E., 772. The

status of a person employed as teacher by the trustees, however, is not affected by the failure of the County Board of Education, in its hearing of the matter, to approve or disapprove the employment. In other words, the contract remains unaffected, unless the county board expressly disapproves it.

In the case at bar, it is conceded that the board of trustees employed the plaintiff as teacher of Sealey's Creek school, about June, 1932. In his answer and return, the defendant stated that the patrons of the school were dissatisfied with the election and filed with the County Board of Education a petition asking that the choice of the trustees be disapproved, indicating that they would not patronize the school if plaintiff should be retained as teacher; he also stated that, pursuant to the complaints made, two meetings of the county board were held, at both of which the situation was generally discussed, but that the action of the trustees was neither approved nor disapproved, the board finally concluding that, as it could not elect teachers, it was without jurisdiction to act further.

The board's inaction was equivalent to denying the petition of the patrons, who might have appealed to the State Board of Education from such implied approval of the contract. However, as the matter was allowed to rest, the status of the plaintiff, as the legally employed teacher of the school, was unaffected and unchanged. The Circuit Judge, therefore, was correct in holding that she was entitled to payment for the services rendered or tendered by her under her contract.

The Court was also unquestionably correct in holding that the plaintiff had no right of action against the trustees or the school district for breach of contract. The trustees complied with their part of the agreement, as to payment of plaintiff's salary, by issuing to her the two pay warrants for services rendered or tendered by her under the contract. Nothing stood in the way of the payment of

these warrants, except the refusal of the defendant, as superintendent of education, to countersign them. She was, therefore, without any adequate remedy at law except that resorted to in this action.

The defendant further contends that the writ of mandamus should not have been granted, for the reason that the approval by him for payment of teachers' pay warrants is discretionary and not in any sense a ministerial act. See Section 5382 of Code 1932.

This contention is without merit. See *Walpole v. Wall,* 153 S. C., 106, 149 S. E., 760. As we have indicated, the contract of employment, under which the plaintiff rendered or tendered her services as teacher, was valid and binding. The trustees of the district, in payment for services so rendered, issued her the two pay warrants in question. It is not denied that the school had to its credit with the county treasurer sufficient funds to pay them. In these circumstances, the County Superintendent of Education had no discretionary power to refuse his approval. The Circuit Judge, therefore, properly granted the writ as prayed for.

### Plaintiff's Appeal

The plaintiff contends that, under the facts of this case, if the writ of mandamus is sustained, "she is entitled to her attorney's fees as part of the damages provided for under the statute law of this State." See Section 849, Code of 1932.

This claim was properly denied by the Court. Our examination of the record convinces us that the defendant, in refusing to approve the pay warrants, was actuated entirely by an honest conception of what his duty was in the matter, and was trying, as a public officer, to perform that duty as he understood it. He should not, we think, be penalized for what he did.

The order appealed from is affirmed.

Mr. Chief Justice Blease and Messrs. Justices Carter and Bonham concur.