14663

## LOMBARD IRON WORKS & SUPPLY CO. *ET AL.* v. TOWN OF ALLENDALE *ET AL.*

(196 S. E., 513)

*Messrs. DuBose Boylston* and *Searson & Searson,* for appellants,

*Messrs. J. Wesley Crum* and *H. L. O'Bannon,* for respondents,

April 11, 1938.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

The plaintiffs, Lombard Iron Works & Supply Company and Worrell Manufacturing Company, on the 6th day of February, 1937, as judgment creditors of the Town of Allendale, S. C., holding judgments against said town aggregating approximately $1,200.00, instituted an action on behalf of themselves and all other judgment creditors of the Town of Allendale who should in due time come into the action against the Town of Allendale, its officers and certain

other judgment creditors of the town, the complaint seeking a threefold remedy:

"First, mandamus requiring the proper officers of the town to enforce collection of the past due taxes and to pay the proceeds over to the plaintiffs and others suing on account of their judgments; and mandamus requiring the officers to levy and collect a sufficient tax to pay plaintiffs' judgments and those for whom they are suing.

"Second, a full accounting of all uncollected taxes and property of the defendant, Town of Allendale.

"Third, the appointment of a Receiver to receive the funds that may be brought into Court in the pending action and for the purpose of doing those things necessary to carry out the mandate of the Court."

Only one judgment creditor, the defendant Dominion Metal & Culvert Corporation, answered, joining with the plaintiffs. All other defendant judgment creditors failed to appear in the action and are in default.

The complaint, briefly, sets forth the legal existence of the parties to the action, and their relationship thereto; that the plaintiff, Lombard Iron Works & Supply Company, has a judgment against the Town of Allendale in the sum of $400.00, which judgment was duly entered in the office of the Clerk of Court for Allendale County on June 18, 1931; that the plaintiff, Worrell Manufacturing Company, has a judgment against the town in the sum of $571.00 and costs, duly entered and enrolled on November 22, 1935, in the office of the Clerk of Court. Upon said judgments, executions were issued and delivered to the sheriff of Allendale County, and, before the commencement of this action, the executions were returned unsatisfied and marked *nulla bona;* that the plaintiffs have exhausted all legal remedies and will be irreparably injured unless they can secure aid from the Court of equity. It is further alleged that the defendant judgment holders have judgments against the town, which are unpaid, in the total amount of about $40,000.00, and the Town of Allendale is wholly insolvent and unable to meet its obliga-

tions; that there are uncollected taxes in the sum of as much as $25,000.00, which are or should be in execution, of which sum at least $14,000.00 is collectible, all of which charges appear upon the tax books, but that plaintiffs are unable to specify the particular items of indebtedness, the names of the numerous persons from whom the same is due, or the years for which they were assessed. The town council and town clerk of Allendale are charged with gross negligence in failing to levy and collect taxes each year to pay the debts of the town and in failing to establish a sufficient sinking fund for the retirement of the bonded indebtedness, thereby allowing the town to default on its bonded indebtedness, failing to keep special taxes levied for special purposes separated from taxes for current purposes, and in permitting the town to become insolvent, such that the Court of equity should intervene and require "said officers to perform their duty to enforce the collection of all past-due taxes and to pay the proceeds over to the plaintiffs, and their duty to collect a sufficient tax with which to pay plaintiffs' judgments and those for whom they are suing in full." In addition to the issuance of a writ of mandamus, injunctive relief is asked to restrain the defendants from disposing of any of the town property, debts, uncollected taxes, and things in action and equitable interests except as directed by the Court, and enjoining all present or future creditors from bringing any action against the town to collect their judgments, except in this action, and that they be required to prove their claims herein. By their complaint the plaintiffs allege facts showing as claimed by them that it is necessary for their protection that an accounting be had and that a Receiver be appointed to collect from the officers such moneys as may be brought into Court as a result of this action, and to apply the same to the judgments held by the various creditors. The complaint was verified by one of plaintiffs' attorneys.

On February 6, 1937, upon motion of plaintiffs' attorneys, Judge H. F. Rice (Judge J. Henry Johnson being disqualified), ordered that all judgment creditors be restrained from

proceeding to collect their judgments except in the pending action, and that the Town of Allendale, its clerk and town council, be restrained and enjoined "from disposing of any of the property of said town which is not held for public purposes, the proceeds of all uncollected taxes and all the surplus current taxes over and above the amount necessary for the current expenses of the Town of Allendale, except as is provided for in this action." Any aggrieved party was given the right to apply for such relief as they might consider themselves entitled to.

The defendants, Town of Allendale and its officers, within due time moved for an order vacating and setting aside the order of injunction as issued by Judge Rice, basing their motion upon four grounds, of which the first two, apparently, were the only ones considered, the first being that the complaint shows the plaintiffs to have an adequate remedy at law, to wit: "the remedy of mandamus to require the levy of taxes for payment of their claims, for which said legal remedy injunction cannot be substituted"; and, second, all levies and funds of the town are dedicated to special purposes and are inapplicable to payment of plaintiffs' claims, also there are no surplus funds, and the said town owns no property except such as is held for public purposes. In support of the motion the defendants offered an affidavit of Delacy Shuman, town clerk and treasurer of the Town of Allendale, and proposed plan of financial readjustment directed to the holders of bonds of the Town of Allendale, and judgment creditors, which proposal bears the signature of C. C. Chavous, Mayor, Town of Allendale, S. C.

The moving defendants also served notice that they would ask the Court for an order striking from the complaint certain enumerated paragraphs, the gist of the motion constituting a striking out of all allegations of the complaint not "limited to the exclusive and appropriate remedy of mandamus to require a special levy of taxes for payment of plaintiffs' alleged claims."

The motion to vacate the injunction was heard before Hon. G. B. Greene, Circuit Judge, resulting in his order of March 15, 1937, vacating and setting aside the temporary injunction issued by Judge Rice, without giving his reasons therefor, other than that the defendants have an adequate remedy at law, but holding "upon proof of the material allegations of the complaint plaintiffs would be entitled to the common-law remedy of mandamus." The motion to strike a portion of plaintiffs' complaint was not heard, but the right was reserved to the moving defendants to press the motion later. From this order, the plaintiffs gave notice of appeal to the Supreme Court.

The motion to strike was heard before Hon. G. Duncan Bellinger, presiding Judge of the Fourteenth Judicial Circuit, who on May 19, 1937, issued his order refusing same, for the reasons that the allegations of the complaint sought to be stricken out are appropriate to the proper relief sought. Judge Bellinger, after a clear synopsis of the allegations of plaintiffs' complaint and of the defendants' motion to strike, held the plaintiffs were entitled to bring a creditor's bill on behalf of themselves and all other judgment creditors, and at the same time, in the same proceeding, the plaintiffs are entitled to seek a writ of mandamus as sought in the complaint, and also, upon proof of the allegations of the complaint they would be entitled to the appointment of a Receiver for the purposes mentioned in the complaint, and that the plaintiffs could not be held to the exclusive remedy of either a creditor's bill or writ of mandamus. Judge Bellinger construed the motion and grounds to strike as a demurrer to the complaint, and we think properly so, although this question is not before us, such that he was empowered to issue an extensive order when he would otherwise be limited upon a mere motion to strike. There is no exception to the treatment of the motion to strike as a demurrer.

To this order the Town of Allendale, the town council, and the town clerk, officially and individually, excepted and

have appealed to this Court, which exceptions raise the following issues:

(1) Do plaintiffs have an adequate and exclusive legal remedy in the issuance of a writ of mandamus? If so, was there error in refusing to strike from the complaint all allegations not pertinent or material to the statement of a cause of action for mandamus?

(2) Does the order of Judge Bellinger overrule the order of Judge Greene in which he held the complaint showed the plaintiffs to have an adequate remedy at law in the issuance of a writ of mandamus?

The appeal of the plaintiffs from the order of Judge Greene vacating the injunction issued by Judge Rice raises the question whether or not, under the allegations of the complaint, the plaintiffs are entitled to injunctive relief for the purposes mentioned in the complaint.

It is conceded by the defendants-appellants that plaintiffs-respondents are entitled to a writ of mandamus. Therefore, this question is not before the Court. However, it is contended the writ of mandaums is not only the appropriate remedy of the plaintiffs, but it is the exclusive and adequate legal remedy available to plaintiffs, and that plaintiffs are not entitled to injunctive relief, or, in the language of defendants-appellants, "injunction cannot be substituted for the legal remedy of mandamus," nor the appointment of a Receiver to handle and disburse the funds collected because of the issuance of the writ of mandamus.

Before proceeding with the issues arising in this case, we quote from Judge Bellinger's order as to the characteristics of a writ of mandamus:

"Our Court in *Federal Land Bank of Columbia v. State Highway Department,* 172 S. C., 207, 173 S. E., 635, 637, and reaffirmed in *Chesterfield County v. State Highway Department,* 181 S. C., 323, 187 S. E., 548, said:

" 'Mandamus is somewhat of a hybrid proceeding. It is not a suit in tort, nor is it a suit in contract; it is not strictly a law case, nor is it one in equity. It is based on the

theory that an officer charged with a purely ministerial duty can be compelled to perform that duty in case of refusal. * * * ' The same authority holds that where there is an adequate remedy at law, mandamus will not lie. To the same effect, see *Gardner v. Blackwell*, 167 S. C., 313, 166 S. E., 338; *Draughton et al. v. Colbert et al.*, 171 S. C., 22, 171 S. E., 445; *Chesterfield County v. State Highway Department, supra.*

"In connection with this discussion, see *Holladay v. Hodge*, 84 S. C., 109, 65 S. E., 1019 [1021]."

Mandamus then can only compel the officers of the town to carry out their ministerial duty by collecting the unpaid taxes and levying sufficient taxes to pay the judgments. When this ministerial duty is performed, could not the whole proceeding be rendered useless unless there is the intervention of equitable remedies to protect the "fruits of the labor"? The writ of mandamus cannot require the payment or partial payment of the judgments until after the levying and collecting of taxes which are applicable to the payments thereof. *Hayne v. Hood*, 1 S. C., 16; *State v. Smith*, 8 S. C., 127; *Pressley v. Nunnery*, 169 S. C., 509, 169 S. E., 413.

In order to show sufficient funds the plaintiffs could only do so by an action of accounting, for it must be kept in mind that the current expenses of the town must first be paid and that the bonded indebtedness of the town is a first lien on the property within the limits of the town. To prevent the officers of the town from applying the public funds so collected in expenditures other than the necessary current expenses, and bonded indebtedness, and thereby defeat the rights of the creditors, and as an adjunct to the remedy for the enforcement of the debts, are not the plaintiffs entitled to injunctive relief?

The writ of mandamus is not an adequate remedy in that, while the writ enforces the officers to perform their ministerial duty in collecting and levying taxes, the writ does not prevent the waste of assets and of the taxes collected. To

protect against the possibility of wasting of assets, the disbursement of funds beyond current expenses, the prohibitory powers of equity are necessary so that the writ of mandamus will constitute an adequate remedy. This does not substitute injunction for mandamus, but is an aid to the writ of mandamus and without which the remedy of mandamus would not be complete.

The general rule is found in 32 C. J., 63, § 43: "It has been held in a number of decisions that an injunction may be granted as incidental to relief asked in a case where equity has jurisdiction for some other purpose, even though the law might afford a sufficient remedy for the specific injury sought to be prevented by the injunction. Equity having jurisdiction for one purpose may dispose of the entire matter in its own way. The right to the injunction stands or falls with the right to the principal relief asked to which the injunction is incidental."

The defendants-appellants cite the two cases of *Walkley v. City of Muscatine*, 6 Wall., 481, 483, 18 L. Ed., 930, and *Heine v. Levee Commissioners*, 19 Wall., 655, 22 L. Ed., 223, at page 226, for the proposition that mandamus is the exclusive legal remedy. The case of *Walkley v. City of Muscatine, supra,* was a bill in equity by a judgment creditor of a town for a mandatory injunction. The United States Supreme Court held mandamus to be the appropriate remedy, and a full and adequate remedy; that the complaint was attempting to substitute an injunction for a mandamus. The Court, however, says: "It is there observed, 'that a court of equity is sometimes resorted to as auxiliary to a court of law in obtaining satisfaction of judgments. But no court,' he observes, 'having proper jurisdiction and process to compel the satisfaction of its own judgments, can be justified in turning its suitors over to another tribunal to obtain justice.' We add, that a court of equity is invoked as auxiliary to a court of law in the enforcement of its judgments in cases only where the latter is inadequate to afford the proper remedy. The principle has no application in the present case."

The plaintiffs in this case are not attempting to substitute an injunction for the mandamus, but as an auxiliary to the mandamus, for under the allegations of the complaint the mandamus is not a full and complete remedy.

In *Heine v. Levee Commissioners, supra,* the creditor had not exhausted his legal remedy by securing a judgment and a *nulla bona* return. The Court held that the foundation for the jurisdiction of equity had not been laid. This case is not applicable to the one at issue.

It must be borne in mind that the Federal Courts of law and equity are distinct, while in South Carolina the distinctions between actions at law and suits in equity are abolished and a complainant may in one action pursue all the relief to which he is entitled. In this connection we quote from *Holladay v. Hodge, supra:* "In such case it is difficult to conceive of any necessity for the useless proceeding of suing him to judgment at law, especially since the courts of law and equity are united, and the creditor can ask judgment on his demand and for equitable relief in the same action."

Judge Greene not only vacated the injunction as to the Town of Allendale, its clerk and town council, but also that portion of the injunction prohibiting judgment creditors from bringing any action for the collection of their judgments, except in the pending action. Although the judgment creditors were given an opportunity to move to vacate this portion of the injunction, none of them did so. The Town of Allendale moved to dismiss, but this portion of the injunctive order did not operate against the town, and, in the absence of an aggrieved party moving to dismiss, it was error for Judge Greene to vacate this part of the injunctive order, as well as the injunction against the town and its officers.

The allegations of plaintiffs' complaint as to the insolvency of the Town of Allendale are not specifically denied. The affidavit of the town clerk sets forth that all tax levies and funds of the town are dedicated to special purposes, not

including the payment of judgments, and that the levies for the past four or five years have been not more than adequate to meet the overhead and current needs of the town; that the town has no surplus funds and there is not in effect any levy for current or past-due taxes which can produce any surplus funds. It is further set forth in the affidavit that the Town of Allendale is heavily indebted and has defaulted on a number of its bonds in approximately $23,000.00, its total bonded debt being $125,000.00, and that the town is engaged in a refinancing program that will restore it to a sound financial condition, and a number of the holders of the bonds and all unpaid interest coupons, due by the town, have agreed to co-operate in the general refinancing plan, which plan, if successfully perfected, will necessitate a heavy levy of direct taxes, and, if the plaintiffs' claims are to be forthwith paid in full by reason of the within proceeding, those who have agreed to co-operate will withdraw their proposals of compromise and insist upon payment in full.

The financial statement of the town shows total bonds outstanding of $125,000.00, and past-due interest on the bonds as of January 1, 1937, in the amount of $23,202.50; that the outstanding unpaid taxes due the town are $46,850.00, and paving assessments in the amount of $24,992.74, which taxes and paving assessments to a large extent have been past due for many years, and as to which there is a question as to whether or not the town has lost its lien for taxes.

The affidavit and financial statement, in conjunction with the complaint, shows the Town of Allendale is heavily involved. However, the question becomes whether or not a Receiver can be appointed, even though for limited purposes, for a municipal corporation, since as stated in 53 C. J., 31, " * * * there is a conflict of authority upon the question whether a receiver of property of a municipal corporation may be appointed." Our Court in the case of *Sanders v. County Commissioners*, 7 S. C., 359, held that "a Court of Equity could not seize and administer funds in a public treasury; that the duty of applying such funds rests

upon the administrative officers and could not be transferred to the Court," which is tantamount to holding that a Receiver cannot be appointed for a municipal corporation. The Court continued as follows:

"That if a party had a specific right to payment out of funds appropriated by law for that purpose, the proper remedy was by mandamus to compel the officers chargeable with such neglect properly to perform such duties; but that the Court could not lay hold of public funds and perform itself the functions devolved by law upon administrative officers.

"As between individuals there is no general equity to convert a fund for the payment of debts exclusively owned and controlled by the debtor into assets on the ground alone that the fund is insufficient to meet the demands upon it. A debtor, though insolvent, has, independent of the interference of insolvent or bankrupt laws, a clear legal and equitable right to apply his estate to the payment of his debts, with such preferences and in such order as he may judge best, and cannot be compelled to give any account of the reasons of his conduct, provided his motives be honest. If instead, however, of applying his means to the payment of his debts he conceals them so as to defeat process issued by his creditors, then there is an equity to compel him to disclose the state of his property, to restrain him from making away with such property, and to have his estate held and administered in equity as assets for the payment of his debts. This equity is the foundation of the creditor's bill, *inter vivos* as a feature of equitable cognizance. Such a bill was founded upon a judgment recovered at law, execution issued and returned unsatisfied, either wholly or in part, and on an allegation to that effect that the operation of the process had been defeated by the fraudulent acts of the judgment debtor, intended to cover his property from the process of his creditors.

"Thus we see that, as between individuals, the only equity of the creditor to lay hold of the estate of his debtor, when

there is a judgment at law, is derived from the fact that legal process against such debtor has been defeated by his fraud. He must either proceed to divest his debtor of his estate in favor of his creditors, as a class, under insolvent or bankrupt laws, or exhaust the ordinary process of the Court.

"The foundation of this doctrine, as we have said, is the general right of the individual to apply his estate to the payment of his debts in such manner as he may judge best, even though insolvent. Without losing sight of the qualifications of this right already noticed, we will next inquire whether political bodies, such as the States, Counties and lesser municipal bodies, are within the reason on which this general rule rests. Such political bodies have, except as restricted by positive law, either constitutional or statutory, all the powers of individuals in regard to acquiring, holding and disposing of property. Political bodies possessing sovereign attributes have, in addition, powers and immunities in excess of those possessed by any individual citizen. It is enough, however, for our present purposes to say that whatever an individual may enjoy in respect of his property such political bodies may enjoy, unless relinquished or taken away by positive law.

"Another proposition bears on the subject. Neither the Courts of law or equity have power to adjudge such political bodies insolvent. The solvency of such bodies is not dependent upon the extent and value of property held by them for public purposes where such bodies possess power to impose and collect taxes. If the taxing power is unlimited, then while the taxable property is in excess of the amount of its indebtedness insolvency, in fact, cannot exist. If the taxing power is limited, as frequently in the case of a County or city, by statute law, and of the State by its Constitution, then the insufficiency of the taxing power must be referred to a public policy limiting it, and not to anything in the nature or the condition of its means significant of a state of insolvency.

"It follows that the return of an execution unsatisfied against a political body subject to such process does not afford even presumptive evidence of insolvency. Thus the whole foundation of the creditor's bill is gone in its application to political bodies of the nature that we have described."

The remaining question, whether or not Judge Bellinger's order overrules Judge Greene's order, is answered by a comparison of the two orders. Judge Greene held that upon proof of the material allegations of the complaint plaintiffs "would be entitled to the common-law remedy of mandamus," and set aside the injunction on the ground that plaintiffs have an adequate remedy at law. The motion to strike was not argued before Judge Greene, but before Judge Bellinger, in which he passed upon the various remedies available to plaintiffs, except the injunctive relief. The defendants-appellants argue that the order of Judge Greene to the effect that mandamus is an adequate remedy at law is conclusive and Judge Bellinger could not hold otherwise. If this contention is correct, then defendants-appellants have waived the same by proceeding to argue the motion to strike before Judge Bellinger for the purpose behind the motion to strike was to declare the writ of mandamus to be an exclusive and adequate remedy at law. Aside from the waiver feature, the plaintiffs-appellants have excepted to the whole of Judge Greene's order, such that this Court is enabled to review the same. However, Judge Greene specifically stated in his order that he was "not passing upon that motion (the motion to strike) at this time," and the right was reserved to the defendants "to press the motion later as they may be advised."

The order of Judge Greene is reversed.

The order of Judge Bellinger refusing to strike the allegations of the complaint sought to be stricken is affirmed, because these allegations are necessary to support the injunctive relief prayed for, and for the accounting for funds collected. However, we hold that plaintiffs-respondents are not entitled to have a Receiver appointed, and any allegations

pertaining solely to the appointment of a Receiver should go out.

Messrs. Justices Bonham and Fishburne and Mr. Acting Associate Justice William H. Grimball, concur.

Mr. Chief Justice Stabler and Mr. Justice Carter did not participate on account of illness.