**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

John Bradley Turner, Appellant.

Appellate Case No. 2015-001560

Appeal From Anderson County
Eugene C. Griffith, Jr., Circuit Court Judge

Unpublished Opinion No. 2017-UP-160
Submitted March 1, 2017 – Filed April 19, 2017

**AFFIRMED**

William G. Yarborough, III, of William G. Yarborough III, Attorney at Law, LLC, of Greenville, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Patrick Lowell Schmeckpeper, both of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. McKinney*, 278 S.C. 107, 108, 292 S.E.2d 598, 599 (1982) (per curiam) ("Absent timely objection at a plea proceeding, the unknowing and involuntary nature of a guilty plea can only be attacked through the more

appropriate channel of Post-Conviction Relief."); *Charleston Cty. Sch. Dist. v. Charleston Cty. Election Comm'n*, 336 S.C. 174, 179, 519 S.E.2d 567, 570 (1999) ("Whether to issue a writ of mandamus lies within the sound discretion of the [circuit] court, and an appellate court will not overturn that decision unless the [circuit] court abuses its discretion."); *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("An abuse of discretion occurs when the conclusions of the [circuit] court either lack evidentiary support or are controlled by an error of law."); *Lombard Iron Works & Supply Co. v. Town of Allendale*, 187 S.C. 89, 95-96, 196 S.E. 513, 516 (1938) (explaining a writ of mandamus is based on the concept an authority charged with a purely ministerial duty can be required to perform that duty in the case of refusal).

**AFFIRMED.**[1]

**WILLIAMS and KONDUROS, JJ., and LEE, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.