**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gavin V. Jones, Appellant,

v.

State of South Carolina, Respondent.

Appellate Case No. 2018-001099

———————————

Appeal From Anderson County
J. Cordell Maddox, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2021-UP-147
Submitted March 1, 2021 – Filed May 5, 2021

———————————

**AFFIRMED**

———————————

Gavin V. Jones, pro se.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Taylor Zane Smith, both of Columbia,
for Respondent.

———————————

**PER CURIAM:** Gavin V. Jones appeals the circuit court's dismissal of his petition for a writ of mandamus to compel the State to release him from his incarceration. Jones argues he was entitled to a writ of mandamus directing his release because the indictment that resulted in his imprisonment was issued during a week in which there was no corresponding term of general sessions court and the

circuit court therefore lacked subject matter jurisdiction to try him on the offense charged in the indictment.  We affirm.

In dismissing Jones's petition, the circuit court correctly held an indictment is merely a notice document.  *See State v. Gentry*, 363 S.C. 93, 102, 610 S.E.2d 494, 500 (2005) ("The indictment is a notice document.").  The record also supports the circuit court's finding that Jones failed to set forth any reason as to why the indictment at issue provided insufficient notice about the charge he was facing.

Furthermore, the grand jury convened and indicted Jones pursuant to a facially valid order issued by the Anderson County Court of General Sessions on December 10, 1998.  That order directed the Anderson County Grand Jury to report for duty on various dates, including January 5, 1999, the date of Jones's indictment.[1]

Therefore, we hold the circuit court acted within its discretion in declining to issue a writ of mandamus and affirm the dismissal of Jones's petition.  *See Charleston Cnty. Sch. Dist. v. Charleston Cnty. Election Comm'n*, 336 S.C. 174, 179, 519 S.E.2d 567, 570 (1999) (stating mandamus "is based on the theory that an officer charged with a purely ministerial duty can be compelled to perform that duty in case of refusal."  (quoting *Lombard Iron Works & Supply Co. v. Town of Allendale*, 187 S.C. 89, 95-96, 196 S.E. 513, 516 (1938)); *id.* ("Whether to issue a writ of mandamus lies within the sound discretion of the trial court, and an appellate court will not overturn that decision unless the trial court abuses its discretion.").

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[1] In his brief to this court, Jones references an order issued by the late Chief Justice Finney on December 1, 1998, that incorporated a revised schedule for the statutory terms of circuit court for the first half of 1999 that did not include a term of general sessions court in Anderson County during the week of January 4, 1999; however, Justice Finney's order also authorized the scheduling of additional terms of court "during this period by subsequent orders depending upon the availability of judicial resources and caseload information."

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.