Curia, per
O’Neall, J.
We all agree that the defence of the defendent, as a discount, could not be received ; for there was no demand on the part of the defendant against the plaintiff which could be the subject of a cross action. The defendant had the proceeds of the sale of Riley’s goods in his own hands, and if he was entitled to retain he could have no claim against the sheriff. If he had not that right, still until he paid him the money he would have had no right of action on account of it; so that the discount is out of the question, and the whole case is resolved into the inquiry whether the sheriff could recover from the defendant without shewing that persons, other than the defendant, toere entitled to receive the money from him, or that a part of it was applicable to the payment of his costs. It is generally true, that at common law, the sheriff is entitled to demand and receive the proceeds of a sale made by him, and to'bring the money into court. But it is equally true, that when there is no reason for the enforcement of this rule, it ought not to prevail. Indeed one part of it is abrogated by statute. For now where there is no conflicting claim to money collected on an execution, the sheriff is bound to pay the same to the plaintiff in execution within ten days after he has received it, if demanded, under a penalty of 50 per cent. Act of 1796, 5 Stat. at Large, 284. Thomas vs. Yates, 1 McMull. 179. This abrogated the common law rule, that the sheriff was to bring the money into court, in all cases. That is his duty now, only where there may be conflicting claims. Following up the reason on which the Act is founded, that the plaintiff in execution is entitled to receive his money as soon as the sheriff may collect it; and considering its provision that when paid to him he is bound, at least within ten days afterwards, under a heavy penalty, to pay it to the plaintiff, the inquiry is presented to the mind, why do so senseless and nugatory an act as to make the plaintiff in execution pay the amount of his bid by which he pur *418 chased the defendant’s property, to the sheriff'? I can give no satisfactory answer to that question ; and recurring to the reasons on which the action of assumpsit proceeds, I think it is plain, that the defence ought to be sustained. In assumpsit we are fettered by no strict pleading. The plaintiff’s demand, as in this case, that the defendant should pay him cash for property purchased and delivered to him at sheriff’s sale, is fairly met by the answer, “ I am entitled to receive the money from you, and my purchase, so far, extinguishes my claim, and is therefore paid in cash.” if in point of fact the money when received by the sheriff is applicable to other debts, then, of course, this shewing at once destroys the defence. That the sheriff cannot be prejudiced by this view, is plain. For if the junior creditors sue him for the money, he has only to hold up this execution, under which the defendant claims, and say the money is applicable to it, and the defence is at once made out. If he has a claim for commissions or costs to be paid out of this property, then that may be recovered against the defendant under his purchase. For so far he is not entitled to retain. If the sheriff, when he sold, had refused to deliver the property, until the purchase money was paid, it may be, he might have done so, and it is possible, the defendant would have been without remedy. But after a delivery to the defendant, and consequently by that act the sheriff made himself liable to all the execution creditors for the proceeds, and by which, if it had been to another, the defendant might have demanded his money, and compelled him to pay it, under a penalty of 50 per cent, it would seem to be a self evident proposition, that if the defendant was entitled to the money, he might legally refuse to pay it to the sheriff. The motion for a new trial is granted.
Earle and Butler, JJ., concurred.
Evans and Richardson, JJ. We dissent, because the sheriff has a right to demand the money of every purchaser.