## 18526

Sue Carol MILLER, Respondent, v. George T. MILLER, Appellant
(149 S. E. (2d) 336)

126

*Messrs. John Gregg McMaster* and *Robert J. Thomas*, of Columbia, *for Appellant,*

*H. V. Sandifer, Esq.,* of Lexington, *for Respondent,*

June 21, 1966.

LEWIS, Justice.

The defendant has appealed from an order denying his motion for a change of venue of this civil action from Lexington County to Richland County. The motion was made upon the grounds that (1) the defendant was a resident of Richland County, and (2) the convenience of the witnesses and the ends of justice would be promoted by the change. This appeal involves a review of the ruling by the lower court as to both grounds of the motion.

The first issue concerns the place of residence of the defendant and its effect upon the venue of the action.

The plaintiff was the wife of the defendant and brought this action on June 1, 1965, to recover for injuries allegedly sustained by her in a collision of defendant's automobile in Lexington County on February 20, 1961, while she was a passenger in the vehicle. Venue of the action was laid in Lexington County upon the basis that the defendant was at that time a resident of Nashville, Tennessee. If the defendant was a non-resident of the State when the action was instituted, the plaintiff clearly had the right under Section 10-303 of the 1962 Code of Laws, to initially designate the county in which the action would be tried. This section provides, in part, that if none of the defendants in an action reside in this State, the action may be tried in any county which the plaintiff shall designate in the complaint.

The lower court found as a fact that the defendant was a resident of the State of Tennessee, and not of Richland County, at the time of the institution of the action; and accordingly held that the action was properly brought in Lexington County under Section 10-303. It is

well settled that the issue of residence under the foregoing section is a factual one, and its determination by the trial judge is conclusive unless without evidentiary support. *Ernandez v. Miller*, 232 S. C. 634, 103 S. E. (2d) 263.

The first question then is whether there was any evidence to sustain the factual finding by the lower court that the defendant was a non-resident when the present action was instituted.

The matter was heard by the trial judge upon affidavits submitted by the parties. While the defendant states that he was a resident of Richland County, and was temporarily in Nashville, Tennessee, on June 1, 1965, the showing on the part of the plaintiff was that she was the wife of the defendant; that they had been separated for about 2½ years prior to May 1, 1965, when they resumed living together; that, in order to get away from both their families, they moved from Columbia, South Carolina, to Nashville, Tennessee; that they established their residence in Nashville at 702 Reed Street, Apartment 2; that the defendant took employment with Thoni Oil Company in that city; and that both intended to permanently reside there. There is a further affidavit that the defendant told a friend, about May 1, 1965, that he was leaving Columbia to live elsewhere, and that a few days later the friend received a letter from defendant, written from Nashville.

The Summons and Complaint in this action was served on defendant, through the South Carolina Highway Department, under Section 10-431 of the 1962 Code of Laws, by mailing copies thereof to him at his place of employment in Nashville, Tennessee, where the defendant signed a return receipt showing delivery to him by mail on June 3, 1965.

About two weeks after the Summons and Complaint were received by the defendant in Nashville, he returned to Columbia, South Carolina, for the purpose of trying to get his old job back.

The question of a person's place of residence is largely one of intent to be determined under the facts and circumstances of each case. The record here does not show conclusively that the defendant's domicile was in Richland County at the time of the institution of this action. The defendant said that he was leaving Columbia to live at some other place. He and the plaintiff were reunited after a period of separation and it is inferable that they went to Tennessee for the purpose of establishing a home away from the interference of their families. We therefore have the declaration of the defendant that he was leaving Columbia to live elsewhere, followed by the establishment of a residence in Tennessee for his family and obtaining employment there. The fact that the defendant had resided in Tennessee for only about thirty days prior to the institution of the action and returned to South Carolina about two weeks thereafter is not conclusive. The act and intent as to domicile and not the duration of residence, are the determining factors. 25 Am. Jur. (2d), Domicile, Section 23; *Bradley v. Lowry,* 17 S. C. Equity (Speers) 1. The foregoing evidence amply supported the finding of the lower court that the defendant was a non-resident at the time the action was instituted. The action was therefore properly brought in Lexington County.

The defendant next alleges error in the refusal of the trial judge to grant the motion for a change of venue from Lexington County to Richland County upon the ground that the convenience of the witnesses and ends of justice would be promoted thereby.

The right of a plaintiff, under Section 10-303, *supra,* to bring an action in any county he shall designate, where the defendants are non-residents, is subject to the power of the court to change the place of trial upon a proper showing that *both* the convenience of the witnesses and the ends of justice will be promoted by the change. Section 10-310 of the 1962 Code of Laws. An application for a change of venue upon such grounds is addressed to the

sound judicial discretion of the judge who hears it, and his discretion will not be disturbed except upon a clear showing of abuse thereof amounting to a manifest error of law. *Doss v. Douglass Construction Co.,* 232 S. C. 261, 101 S. E. (2d) 661; *South Carolina Electric & Gas Co. v. Aetna Insurance Co.,* 235 S. C. 147, 110 S. E. (2d) 165.

The record shows that the collision, out of which this action arose, occurred in Lexington County and that the plaintiff and defendant have lived in Lexington County for a greater portion of their adult lives. The distance from the Lexington County Court House to that of Richland, to which the defendant seeks to have the trial of the action moved, is only approximately thirteen (13) miles. While apparently most of the witnesses reside in Richland County, there is no showing that any witness would be inconvenienced by traveling the short distance to testify at a trial in Lexington County. Under the circumstances, there was no manifest abuse of discretion on the part of the trial judge in holding that the defendant had failed to show that the convenience of the witnesses and ends of justice would be promoted by changing the place of trial to Richland County.

Affirmed.

Moss, C. J., Bussey and Brailsford, JJ., and W. L. Rhodes, Jr., Acting Justice, concur.