## 21047

Connie L. NAGY, Appellant, v. Miklos NAGY-HORVATH, Respondent.

(257 S. E. (2d) 757)

*Acker, Acker, Floyd & Welmaker,* Pickens, *for appellant.*
*James S. Pope,* Columbia, *for respondent.*

September 4, 1979.

RHODES, Justice:

Appellant Connie L. Nagy initiated this action against her husband, respondent Miklos Nagy-Horvath, for divorce, custody, and child support in the Pickens County Family Court. Respondent moved for a change of venue from Pickens County to Richland County on the ground that Richland County, which he asserts as his residence, was the proper county for commencement of the action under S. C. Code § 20-3-60 (1976). This appeal is from an order granting his motion. We affirm.

The first issue concerns the place of residence of the respondent and its effect upon the venue of the present action.

The husband, a native of Hungary, was honorably discharged from the United States Army in late March, 1978, at which time he returned from Germany to the United States. Upon his return, he stayed with his wife and her parents in Pickens County until he could procure a job and home in the city of Columbia located within Richland County. On April 4, 1978, the husband signed a lease on a Columbia residence, but thereafter continued to spend a few weekends with his in-laws in Pickens County until such time as the appellant, who had recently given birth, was physically able to make the trip to Columbia. During the latter part of April, 1978, respondent began permanent employment with a Columbia manufacturing concern where he was continuing to work full-time at the time of the hearing of this matter on July 10, 1978. Appellant testified that she moved to Columbia in April where she resided with her husband until she left on June 5, 1978 due to marital difficulties. After returning to live with her parents in Pickens County, appellant filed this action for divorce in that county on June 7, 1978.

Venue in matrimonial actions is controlled by S. C. Code § 20-3-60 (1976) as follows:

Actions for divorce from the bonds of matrimony shall be tried in the county (a) in which the defendant resides at the time of the commencement of the action, (b) in which the plaintiff resides if the defendant is a nonresident or after due diligence cannot be found or (c) in which the parties last resided together as husband and wife unless the plaintiff is a nonresident in which case it must be brought in the county in which the defendant resides.

By what is apparently the majority rule, the word "reside" or "residence" as used in statutes pertaining to the venue of an action for divorce is synonymous with "domicile" and denotes the place of one's fixed abode, not for a temporary purpose alone, but with the intention of making such place a permanent home. Annot. 12 A. L. R. (2d) 757, 775 (1950). In accord with this view, this court has uniformly construed statutory residence requirements as the equivalent in substance to domicile. *Gasque v. Gasque,* 246 S. C. 423, 143 S. E. (2d) 811 (1965); *Phillips v. South Carolina Tax Commission,* 195 S. C. 472, 12 S. E. (2d) 13 (1940). As defined in *Gasque, supra:*

. . . [t]he term 'domicile' means the place where a person has his true, fixed and permanent home and principal establishment, to which he has, whenever he is absent, an intention of returning. The true basis and foundation of domicile is the intention, the *quo animo,* of residence. *Bradley v. Lowry,* Speers Eq.1, 39 Am. Dec. 142.

Id. 246 S. C. at 426, 143 S. E. (2d) at 812, *quoting Phillips v. South Carolina Tax Commission, supra.*

Appellant alleged in her complaint that respondent was a resident of Pickens County at the time the present action was commenced. At the hearing, appellant introduced evidence showing respondent had used the Pickens County address on several documents, including his driver's license,

income tax return, and bond papers drawn pursuant to a recent arrest. Because of these actions by respondent, the appellant contends, it follows that he actually intended to maintain his permanent residence or domicile in Pickens County despite his physical residence and employment in Richland County. She therefore argues that her action was properly commenced in Pickens County under § 20-3-60(a). We disagree.

It is well established that a person's place of residence is largely one of intent to be determined under the facts and circumstances of each case. No specified length of time is required to fix the residence contemplated by our statute; the act and intent and not the duration of residence are determinative. *Miller v. Miller*, 248 S. C. 125, 149 S. E. (2d) 336 (1966); Annot. 54 A. L. R. (2d) 898 (1957). Aside from the circumstance of the Pickens County address being utilized as a convenient mailing address on the above referenced documents during the period when respondent was seeking a job and home in Columbia, there are no facts presented from which this court might infer a bona fide intention by respondent to choose Pickens County as his permanent residence. Instead, the respondent's express declaration that he intended to reside in Richland County followed by his acts of accepting permanent employment and moving his family and belongings to that locale provide all the requisite elements for establishing his residence therein for purposes of venue.

The lower court found as a fact that the respondent was a resident of Richland County, and not of Pickens County, at the time of the institution of the action. In deciding the issue of residence for purposes of venue, it has been held that the factual determination by the trial judge is conclusive unless without evidentiary support. *Miller v. Miller, supra; Ernandez v. Miller*, 232 S. C. 634, 103 S. E. (2d) 263 (1958). Concluding that the evidence amply supported the lower court's finding, we accordingly hold the trial

judge's action in granting respondent's motion for a change of venue to Richland County was proper.

■ Appellant alternatively asserts that, if respondent is found to be a resident of Richland County for purposes of venue, she is still entitled to have the issue of child support litigated in Pickens County under S. C. Code § 14-21-830(b) (1976). That section, in pertinent part, provides: '

The petitioner need not continue to reside or be domiciled in such area where the cause of action arose, as provided in subsections (2) and (3) of this section, if the conduct of the respondent has been such as to make it unsafe or improper for her to so reside or be domiciled, and the petitioner may bring action in the court of the jurisdiction wherein she is thusly residing or has become domiciled.

While there was testimony tending to show a pattern of bitterness and marital discord between the parties, we agree with the trial court that the evidence was insufficient to prove that it was unsafe or improper for appellant to continue her residence with respondent in Richland County. Section 14-21-830 is therefore inapplicable to the present action.

Accordingly, the lower court order which granted respondent's motion for a change of venue from Pickens County to Richland County is affirmed.

Affirmed.

LEWIS, C. J., and LITTLEJOHN and GREGORY, JJ., concur.

NESS, J., dissents.

NESS, Justice dissenting) :

Concluding that respondent never clearly abandoned his prior residence in Pickens County, I dissent.

At the time of the initiation of the divorce action, respondent had been working in Columbia for only six weeks

and had signed a lease on a Columbia residence for only six months. He testified that he intended to move to New York in the near future, and his driver's license, which he had applied for ten days *after* signing the lease, listed a Pickens County address.

Accordingly, there was insufficient proof that respondent actually intended to abandon his Pickens County domicile and acquire a new one in Columbia. In *Gasque v. Gasque,* 246 S. C. 423, 143 S. E. (2d) 811 (1965), authored by Associate (now Chief Justice) Lewis, a similar factual setting was presented, and the Court concluded that a man who had worked outside the State for approximately fourteen years never had any intention of abandoning his South Carolina domicile within the meaning of the divorce laws.

I would reverse and deny respondent's motion for a change of venue.