23568

George P. DEDES, Respondent v. Bobby W. STRICKLAND, Northwoods Auto Sales, Inc., BWS Enterprises, a South Carolina General Partnership, First Federal Savings & Loan Association of South Carolina and Georgia-Pacific Investment Company, of which Bobby W. Strickland is Appellant.

(414 S.E. (2d) 132)

Supreme Court

*John P. Freeman*, Columbia and *Joseph F. Kent*, Charleston, *for appellant.*

*Lawrence E. Richter, Jr.* and *Thad H. Vincent*, Charleston, *for respondent.*

Heard March 6, 1991.

Decided Feb. 10, 1992.

FINNEY, Justice:

This is an appeal from a circuit court order granting summary judgment in favor of respondent George P. Dedes. We reverse and remand.

Respondent moved for summary judgment in his mortgage foreclosure action against appellant Bobby W. Strickland. Respondent's Notice and Motion for Summary Judgment were filed and served on April 13, 1989. The motion was set for hearing before Judge David H. Maring on May 8, 1989. The exact date is controverted, but notice of the hearing was mailed May 3 or 4, 1989.

Counsel for all parties appeared on May 8, 1989. The appellant was not present. At the hearing, appellant's counsel asserted that the notice of the hearing was postage metered on May 3, 1989, postmarked May 4, 1989, and received by him on May 6, 1989. He contended that the Notice of Motion and Motion dated April 13, 1989, did not constitute sufficient notice of the hearing, and that the late notice had deprived him of the opportunity to timely submit opposing affidavits and to have the appellant present. Additionally, appellant's counsel asserted that the record was incomplete since interrogatories propounded April 19, 1989, had not been answered by the respondent.

Counsel for appellant moved for a continuance in order to submit affidavits and to have the appellant present at the hearing. Judge Maring granted a continuance to May 12, 1989, but ruled that appellant was barred from submitting affidavits, other documents or testimony because the time for filing opposing affidavits expired on May 8, 1989.

On May 12, 1989, Judge Maring was unable to hear the motion and rescheduled the hearing for May 29, 1989, before Judge Walter J. Bristow. Judge Maring's rescheduling order dated May 12, 1989, noted the objection of appellant's counsel

to the proceeding and apparently relied upon service of the Notice of Motion and Motion dated April 13, 1989, as constituting adequate notice of the motion hearing. Additionally, the order contained a finding that respondent's rights would be materially prejudiced if the appellant were allowed to interpose opposing material.

On May 29, 1989, Judge Bristow conducted the hearing in accordance with Judge Maring's orders and granted summary judgment in favor of respondent. A Motion For New Trial or Amendment of Judgment was filed on behalf of the appellant and denied by Judge Bristow. This appeal followed.

Appellant alleges the circuit court erred in barring the submission of affidavits in opposition to the motion for summary judgment and in allowing the summary judgment proceedings to continue despite lack of adequate notice to the appellant. We agree.

Notice requirements and time limitations are governed by the South Carolina Rules of Civil Procedure. Rule 6, SCRCP, provides in pertinent part:

> (d) A written motion other than one which may be heard ex parte, *and notice of the hearing thereof,* shall be served not later than ten days before the time specified for the hearing, unless a different period is fixed by these rules or by an order of the court. When a motion is to be supported by affidavit, the affidavit shall be served with the motion; and except as otherwise provided in Rule 59(c), additional or opposing affidavits may be served not later than two days before the hearing, unless the court permits them to be served at some other time. (Emphasis added.)
>
> (e) Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or other paper is served upon him by mail or upon a person designated by statute to accept service, five days shall be added to the prescribed period.

Notwithstanding service of the notice and motion dated April 13, 1989, we construe the rule to require that specific notice of the day certain fixed for the hearing must be furnished not later than ten days prior to such hearing unless the exceptions stated in Rule 6(d), SCRCP, apply.

It is undisputed that notice of the hearing scheduled for May 8, 1989, was mailed no earlier than May 3, 1989. Although the motion was not heard until May 29, 1989, Judge Maring's order precluded appellant from submitting opposing material after May 8, 1989, at which time interrogatories propounded April 19, 1989, had not yet been answered and the time for responding had not expired.

We find that the appellant did not receive timely notice of the motion hearing as required by Rule 6(d), SCRCP, that he was wrongfully denied the opportunity to submit affidavits, documents or testimony opposing respondent's motion for summary judgment, and that the rights of the appellant were prejudiced thereby.

Accordingly, the judgment of the circuit court is reversed and the case remanded.

Reversed and remanded.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.