24294

Ex parte John McMILLAN, Appellant. In re Benjamin Lee PARKER, Appellant v. Clyde MORIN, Vastine Crouch, Kathleen M. Hayes, Jean Govan and Laurie Hobbs, in their individual and official capacities as agents and servants of the Lexington County Department of Social Services and the South Carolina Department of Social Services, Respondents.

(461 S.E. (2d) 43)

Supreme Court

*Susan B. Oliver,* Columbia, *for appellant McMillan,* and *Wm. Gary White, III,* Columbia, *for appellant Parker.*

Douglas McKay, Jr. and *Ruskin C. Foster,* Columbia, *for respondents.*

Heard May 30, 1995.

Decided Aug. 7, 1995; Reh. Den. Sept. 6, 1995.

WALLER, Justice:

On appeal is an order imposing sanctions pursuant to the Tort Claims Act[1] upon Appellant McMillan (Attorney) and his client, Parker, for filing a frivolous lawsuit. We affirm.

## FACTS

Parker sought to adopt a 12-year-old boy. After overnight visitation, the child accused Parker of molesting him. He was charged with criminal sexual conduct with a minor in general sessions court, but was acquitted by the jury.

An action ensuing from the same incident was also brought by the Department of Social Services (DSS) against Parker in the family court. After Parker was acquitted in general sessions court, the family court charges were never pursued. Notwithstanding, Parker was placed on the Central Registry of Child Abusers.

Parker, through Attorney, brought suit in federal court against DSS and individual employees of DSS. He alleged a federal constitutional cause of action under 42 U.S.C. § 1983, as well as pendant state actions for emotional outrage, abuse of process, false arrest, malicious prosecution, negligence, fraud, libel, and injunctive relief. The Court dismissed the § 1983 action with prejudice. The remaining state causes of action were dismissed without prejudice. Parker filed a notice of intent to appeal in the Fourth Circuit Court of appeals, but the appeal was dismissed when he failed to perfect it.

Parker then filed suit in the state court, raising the same allegations as in the federal action, except the constitutional deprivations under § 1983. He sued the individual Respondents in both their official and individual capacities. Respondents counterclaimed for sanctions under the Tort Claims Act.

Respondents Morin, Crouch, Govan, Hobbs, and Lexington DSS moved for summary judgment.[2] The court, granting summary judgment, held that:

> —each of the individual defendants were acting in their official capacity; therefore, the suits against them in their individual capacity were dismissed;

[1] S.C. Code Ann§ 15-78-120(c) (Supp. 1994).
[2] Parker consented to dismiss the suit as to Hayes and the South Carolina DSS.

—all causes of action asserted against the defendants were barred by the statute of limitations;

—all causes of action were likewise barred by the doctrine of sovereign immunity; and

—the action for injunctive relief was dismissed since the defendants could not accomplish the relief requested.

Parker filed a notice of intent to appeal with this Court, but, as in the federal action, he failed to perfect his appeal and it was dismissed.

Subsequently, the trial court granted Respondents' counterclaims for sanctions representing costs and fees against both Parker and Attorney, holding that the suit was frivolous and not well grounded in law or fact.

## ISSUES

1. Are Appellants subject to sanctions under the Tort Claims Act?

2. Did the court erroneously consider the federal action in assessing sanctions in the state action?

3. Did the court err in awarding sanctions based upon the filing of suit after the statute of limitations had expired?

4. Did the court err in failing to advise Parker concerning Attorney's potential conflict of interest?

## DISCUSSION

### I. Tort Claims Act

The Tort Claims Act provides that sanctions be assessed for the filing of frivolous claims:

> In any claim, action, or proceeding to enforce a provision of this chapter, the signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal or existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . . If a pleading, motion, or other paper is signed

in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

S.C. Code Ann. § 15-78-120(c) (Supp. 1994).

Appellants contend that the complaint in this case is not under the Tort Claims Act; therefore, the court had no authority to award sanctions pursuant to the Act. We disagree.

Attorney failed to raise this argument to the trial court. In fact, he expressly conceded at trial that the complaint was, in part, under the Tort Claims Act:

The Court: But you were bringing these things under the state Tort Claims Act. . . .

Attorney: Yes, Sir, but we also brought it against the individuals under common law, your Honor, in the event that the state Tort Claims protected the agency, okay.

Accordingly, this issue is procedurally barred. *Southern Ry. Co. v. Routh,* 161 S.C. 328, 159 S.E. 640 (1930) (issue conceded in trial court cannot be argued on appeal).

## 2. *Federal Action*

The trial court, in assessing sanctions in this action, considered the impact of the prior federal suit. Appellants contend this was error. We disagree.

An award of attorney's fees and costs is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion. *Dedes v. Strickland,* 307 S.C. 152, 414 S.E. (2d) 132 (1992); *Donahue v. Donahue,* 299 S.C. 353, 384 S.E. (2d) 741 (1989).

In its order, the court detailed the history of the case, beginning with the federal court action. Appellants' conduct in the federal case was cited to show a pattern of disregard of deadlines and court orders, as well as to substantiate Respondents' claim that Appellants should have known the state suit was without merit. Moreover, the order

specifically provided the federal court should determine the propriety of any award of fees incurred in that action.

Clearly, the federal court action was relevant to the issue of sanctions in the state court action. The suit filed in state court was essentially the same as that filed in federal court. Therefore, all research and discovery related to both actions. From their experience in federal court, Appellants were aware of the merit of the state court action. Also, Attorney's conduct in the federal suit, such as habitually missing deadlines, showed a pattern of neglect that continued throughout the state court action. We find no abuse of discretion.

### 3. *Statute of Limitations*

Under the Tort Claims Act, a two-year statute of limitations applied to this case. S.C. Code Ann. § 15-78-110 (Supp. 1994). Since Appellants filed suit after two years, the case was dismissed. The imposition of sanctions was based, in part, upon the filing of the suit after the statute of limitations had run. Appellants contend that this was in error since the time for filing an action under the Tort Claims Act has been in dispute. *See Vines v. Self Memorial Hospital,* 314 S.C. 305, 443 S.E. (2d) 909 (1993) (Finney, A.J. and Toal, A.J., dissenting); *Rink v. Richland Memorial Hospital,* 310 S.C. 193, 422 S.E. (2d) 747 (1992) (Finney, A.J. and Toal, A.J., dissenting).[3] We disagree.

Attorney never argued for modification of the existing law as to the time for filing an unverified claim under the Tort Claims Act nor did he argue that he substantially complied with the verified claim requirement. In fact, his appeal from the dismissal of the state court case was not pursued. Moreover, the award of sanctions was based on numerous factors. Accordingly, we find no abuse of discretion by the trial court in awarding sanctions. *Dedes v. Strickland, supra; Donahue v. Donahue, supra.*

---

[3] In *Vines and Rink,* the Court held that a **verified claim** was necessary to entitle the plaintiff to a three, rather than two, year statute of limitations under the Tort Claims Act. However, in both of these cases, there was a dissenting opinion arguing that the plaintiff was entitled to the three-year statute of limitations as long as he substantially complies with the verified complaint provision.

#### 4. *Separate Counsel*

Attorney represented Parker in his criminal trial, the federal civil action, and the state civil action, including the sanctions hearing. Parker contends that the court, *sua sponte,* should have advised him of the potential conflict of interest with Attorney and given him the opportunity to raise a separate and distinct defense at the sanctions hearing. We disagree.

Parker failed to raise this argument to the trial court. He cannot do so for the first time on appeal. *Cf. State v. Felder,* 290 S.C. 521, 351 S.E. (2d) 852 (1986) (criminal defendant precluded from raising attorney's conflict for the first time on appeal).

Affirmed.

FINNEY, C.J., and TOAL, MOORE and BURNETT, JJ., concur.