561 S.E.2d 634

**Delphine HOLDEN, Appellant,**

v.

**A. Lane CRIBB in his official capacity as Sheriff of Georgetown County, Respondent.**

**No. 3462.**

Court of Appeals of South Carolina.

Submitted Dec. 3, 2001.

Decided March 25, 2002.

134

Thomas J. Rubillo, of Hilliard & Rubillo, of Georgetown, for appellant.

Jack M. Scoville, Jr., of Georgetown, for respondent.

STILWELL, Judge:

Delphine Holden filed this declaratory judgment action seeking a writ of mandamus to compel the sheriff to accept her non-cash bid entered at a judicial sale. The trial court dismissed the case, holding that the issues were moot because Holden had withdrawn her bid and additionally ruling that the sheriff had properly refused the bid because it was nonconforming. We affirm.[1]

## FACTS/PROCEDURAL HISTORY

Holden obtained a civil judgment of $58,000 against George Singleton, the father of her two children, for assault and battery. She repeatedly sought execution against his property in an effort to collect the judgment. She even sent the sheriff a copy of a deed to a parcel of real estate in Georgetown County, which was Singleton's sole asset of value. It was appraised by the county tax assessor for $17,984. In March 2000, Singleton was held in contempt for willful failure to pay past due child support and was given the option of paying the arrearage plus a fine or serving one year in jail. Singleton did not pay and was jailed.

The eventual execution on the civil judgment resulted in a sale of Singleton's property, at which Holden was the only bidder. Her bid consisted of cash in the amount of unpaid taxes and costs of the sale ($270.74), an additional $1, and an

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

offer to forbear collection on the child support arrearage of $17,119.32. The sheriff refused to accept the bid because Holden did not post 5% of the bid in cash or pay the $5000 homestead exemption to the clerk of court. Holden alleged she was indigent and unable to pay the $5000. She thereafter withdrew her bid, and the sheriff canceled the sale.

## STANDARD OF REVIEW

"A suit for declaratory judgment is neither legal nor equitable, but is determined by the nature of the underlying issue." *Felts v. Richland County,* 303 S.C. 354, 356, 400 S.E.2d 781, 782 (1991). Holden essentially sought a writ of mandamus directing the sheriff to accept her bid. "To obtain a writ of mandamus requiring the performance of an act, the applicant must show 1) a duty of respondent to perform the act, 2) the ministerial nature of the act, 3) the applicant's specific legal right for which discharge of the duty is necessary, and 4) a lack of any other legal remedy." *Redmond v. Lexington County Sch. Dist. No. Four,* 314 S.C. 431, 437, 445 S.E.2d 441, 445 (1994); *see also Knotts v. S.C. Dep't of Natural Res.,* 348 S.C. 1, 6, 558 S.E.2d 511, 513 (2002); *Porter v. Jedziniak,* 334 S.C. 16, 18, 512 S.E.2d 497, 498 (1999). "'Mandamus is somewhat of a hybrid proceeding.... [I]t is not strictly a law case, nor is it one in equity. It is based on the theory that an officer charged with a purely ministerial duty can be compelled to perform that duty in case of refusal.'" *Charleston County Sch. Dist. v. Charleston County Election Comm'n,* 336 S.C. 174, 179, 519 S.E.2d 567, 570 (1999) (quoting *Lombard Iron Works & Supply Co. v. Town of Allendale,* 187 S.C. 89, 95–96, 196 S.E. 513, 516 (1938)).

Whether to issue a writ of mandamus lies within the sound discretion of the trial court, and an appellate court will not overturn that decision unless the trial court abuses its discretion. An abuse of discretion arises where the trial court was controlled by an error of law or where its order is based on factual conclusions that are without evidentiary support. In reviewing a decision on a mandamus petition, an appellate court will not disturb the factual findings of the

trial court when those findings are supported by any reasonable evidence.

*Id.* at 179–80, 519 S.E.2d at 570 (citations omitted).

## LAW/ANALYSIS

### I. Case or Controversy: Mootness

 Holden contends the trial court erred in finding the case was moot and did not present a justiciable controversy because her bid and request for execution had been withdrawn.[2] She asserts the issues are still reviewable because if the sale were to be reinstituted, she would make the same bid and the sheriff would again reject her non-cash bid. We agree.

 "A threshold inquiry for any court is a determination of justiciability, *i.e.*, whether the litigation presents an active case or controversy." *Lennon v. S.C. Coastal Council*, 330 S.C. 414, 415, 498 S.E.2d 906, 906 (Ct.App.1998). "A justiciable controversy is a real and substantial controversy which is appropriate for judicial determination, as distinguished from a dispute or difference of a contingent, hypothetical or abstract character." *Byrd v. Irmo High Sch.*, 321 S.C. 426, 430–31, 468 S.E.2d 861, 864 (1996). "To state a cause of action under the Declaratory Judgment Act, a party must demonstrate a justiciable controversy." *Graham v. State Farm Mut. Auto. Ins. Co.*, 319 S.C. 69, 71, 459 S.E.2d 844, 845–46 (1995) (holding that ruling was not advisory but was imperative to preserve rights and necessary to determine whether insurance coverage existed and carrier was required to be served); *see also Brown v. Wingard*, 285 S.C. 478, 330 S.E.2d 301 (1985). The concept of justiciability encompasses the doctrines of ripeness, mootness, and standing. *Jackson v. State*, 331 S.C. 486, 490 n. 2, 489 S.E.2d 915, 917 n. 2 (1997).

 " 'A case becomes moot when judgment, if rendered, will have no practical effect upon [an] existing contro-

---

**2.** Holden withdrew her bid to avoid an upset bidder from obtaining the property after her bid was called into question. *See* S.C.Code Ann. § 15–39–720 (1976 & Supp.2001) (requiring bidding to remain open for thirty days after the sale date for judicial sales of real estate made in execution).

versy.' " *Seabrook v. City of Folly Beach,* 337 S.C. 304, 306, 523 S.E.2d 462, 463 (1999) (quoting *Mathis v. S.C. State Highway Dep't,* 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973)). "In the civil context, there are three general exceptions to the mootness doctrine. First, an appellate court can take jurisdiction, despite mootness, if the issue raised is capable of repetition but evading review." *Curtis v. State,* 345 S.C. 557, 568, 549 S.E.2d 591, 596 (2001); *see also Byrd,* 321 S.C. at 431–32, 468 S.E.2d at 864 (clarifying that South Carolina recognizes an exception to the mootness doctrine allowing the court to retain jurisdiction when an issue is capable of repetition, yet evading review). "Second, an appellate court may decide questions of imperative and manifest urgency to establish a rule for future conduct in matters of important public interest." *Curtis,* 345 S.C. at 568, 549 S.E.2d at 596. "Finally, if a decision by the trial court may affect future events, or have collateral consequences for the parties, an appeal from that decision is not moot, even though the appellate court cannot give effective relief in the present case." *Id.*

We agree with Holden that, although she has withdrawn her bid and the judicial sale has been canceled, the issues she raises are "capable of repetition, yet evading review," and will affect the future conduct of these parties and others attending public sales. Therefore, even though we agree that technically the case is moot, it falls within a well recognized exception to the mootness doctrine and should not have been dismissed on this basis.

## II. Nonconforming Bid

Even though the trial court dismissed the case as being moot, it also ruled that the sheriff acted properly in refusing to accept the bid because it did not conform to the statutory requirements. The court held that the bid was nonconforming because it was in kind rather than cash, except the portion attributable to costs and overdue taxes, and did not include cash to pay the homestead exemption to which Singleton was entitled.

### A. Cash Bid Requirement

Holden argues the sheriff violated the applicable statutory provisions by requiring her bid be in cash. Specifically,

she contends her offer to waive past-due child support in lieu of paying cash is acceptable. Although there are significant questions whether Holden can legally waive past-due child support, we do not have to decide that issue in this case. We agree that under these circumstances and long-established custom, but for the homestead exemption, Holden, as the judgment creditor, would not be required to deposit cash with the sheriff.

Under South Carolina law, "[e]very sheriff's sale made by virtue of the directions of an execution *shall be for cash.* If the purchaser shall fail to comply with the terms aforesaid the [sheriff] shall proceed to resell at the risk of the defaulting purchaser either on the same or some subsequent sale day . . . ." S.C.Code Ann. § 15–39–710 (1976) (emphasis added). *See Ex parte Moore,* 346 S.C. 274, 294, 550 S.E.2d 877, 887 (Ct.App.2001) ("This statutory limitation has been in effect in South Carolina for more than a century.").

However, there is case law clearly indicating that if the successful bidder is the judgment holder and is solely entitled to whatever sums may have been bid for the property, it would be senseless to require the bidder to pay cash. The following question was put to a predecessor of this court one hundred sixty years ago: "[W]hy do so senseless and nugatory an act as to make the plaintiff in execution pay the amount of his bid by which he purchased the defendant's property . . . ?" The answer supplied by the court was "it would seem to be a self-evident proposition, that if the [bidder] was entitled to the money, he might legally refuse to pay it to the sheriff." *Cobb v. Pressly,* 27 S.C.L. (2 McMul.) 416, 418 (1842) (3–2 decision).

The unambiguous statutory scheme requiring a small percentage of the bid be deposited as earnest money and the balance to be in cash prevails when the bidder is other than the judgment holder or when there is a superior claim or a contest about entitlement to the funds. *See id.* Were it not for the requirement that the portion of the bid attributable to the homestead exemption be paid in cash, the sheriff could have accepted Holden's bid without requiring a cash deposit because it would have been immediately repaid to her in her capacity as judgment creditor.

## B. Homestead Exemption

Holden also argues Singleton is not entitled to the homestead exemption because he is currently in jail. We disagree. Under the homestead exemption, certain real and personal property of the debtor is statutorily exempt from sale to enforce a judgment. A homestead exemption exists up to $5,000 for property the debtor uses as a *residence*. S.C.Code Ann. § 15–41–30(1) (Supp.2001).

> By what is apparently the majority rule, the word "reside" or "residence" as used in statutes ... denotes the place of one's fixed abode, not for a temporary purpose alone, but with the intention of making such place a permanent home.... "[T]he term [residence] means the place where a person has his true, fixed and permanent home and principal establishment, to which he has, whenever he is absent, an intention of returning." ...
>
> ....
>
> It is well established that a person's place of residence is largely one of intent to be determined under the facts and circumstances of each case. No specified length of time is required to fix the residence contemplated by our statute; the act and intent and not the duration of the residence are determinative.

*Nagy v. Nagy–Horvath*, 273 S.C. 583, 586–87, 257 S.E.2d 757, 759 (1979) (quoting *Gasque v. Gasque*, 246 S.C. 423, 426, 143 S.E.2d 811, 812 (1965)) (citations omitted); *see also Miller v. Miller*, 248 S.C. 125, 149 S.E.2d 336 (1966). "The 'rationale for Homestead exemptions is well established: to protect from creditors a certain portion of the debtor's property,' and to prevent citizens from becoming dependent on the State for support." *Scholtec v. Estate of Reeves*, 327 S.C. 551, 560, 490 S.E.2d 603, 607 (Ct.App.1997) (citation omitted); *accord Cerny v. Salter*, 311 S.C. 430, 432, 429 S.E.2d 809, 811 (1993).

We hold that Singleton, though incarcerated, is entitled to the protection of the homestead exemption. "The act and intent as to domicil, and not the duration of residence, are the determining factors." *Miller* at 129, 149 S.E.2d at 339. Clearly, Singleton had no intent to transfer his residence to the detention center and, in fact, was being involuntarily detained. " 'To effect a change of residence or domicile, there

must be an actual abandonment of the first domicile, coupled with an intention not to return to it, and there must be a new domicile acquired by actual residence in another place or jurisdiction, with the intention of making the last acquired residence a [permanent] home.'" *Reynolds v. Lloyd Cotton Mills*, 177 N.C. 412, 99 S.E. 240, 242 (1919) *quoted with approval by and followed in Ferguson v. Employers Mut. Cas. Co.*, 254 S.C. 235, 239, 174 S.E.2d 768, 769 (1970) (alteration in original). We daresay Singleton has no intent to make the detention center his permanent residence. To hold otherwise would thwart the underlying policy of the homestead exemption.

Holden argues that the homestead exemption is personal and must be claimed by the debtor; hence, she contends the sheriff has no standing to assert it or require it. Because the statute requires that the minimum bid *must* be in the amount of the exemption, this argument is without merit. S.C.Code Ann. § 15–41–10 (Supp.2001). Holden also asserts, without citation to legal authority, that Singleton's children are part of the "charmed circle" protected by the exemption; thus she should not have to pay it but should instead be able to assert the child support arrearages in lieu of homestead. However, under the common law, the homestead exemption inures primarily to the benefit of the debtor and only derivatively to dependent children. *See Scholtec v. Estate of Reeves*, 327 S.C. 551, 490 S.E.2d 603 (Ct.App.1997). Moreover, because the children do not reside in the home, they cannot claim the homestead exemption. *Id.* (children of deceased debtor living independently were not entitled to assert homestead exemption). "The homestead interest depends entirely upon constitutional and statutory provisions." *Id.* at 554, 490 S.E.2d at 604. Because the legislature has not extended the homestead exemption to dependent children living outside the home, it is not for this court to do so.

To summarize, we hold that although technically moot, the issue raised should be addressed under a well-recognized exception to the mootness doctrine; that but for the portion of the bid attributable to the homestead exemption, the sheriff could have accepted the bid without requiring cash other than for costs and the taxes due. However, because the judgment

142

debtor is entitled to the homestead exemption, the trial court's ruling is

**AFFIRMED.**

CURETON and SHULER, JJ., concur.