**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Regina Johnson Taylor, Respondent,

v.

William R. Taylor, Appellant.

Appellate Case No. 2012-210828

Appeal From Richland County
Dana A. Morris, Family Court Judge

Unpublished Opinion No. 2013-UP-380
Submitted September 1, 2013 – Filed October 9, 2013

**AFFIRMED**

William R. Taylor, of Columbia, pro se.

Sandra R. Parise, of Parise Law Firm, PA, of Columbia, for Respondent.

**PER CURIAM:** William Taylor (Husband) appeals the family court's order approving a settlement agreement and divorce decree, arguing the family court erred in (1) determining venue was proper in Richland County, (2) allowing Regina Taylor (Wife) to amend her complaint to seek separate support and

maintenance because he was never served with the amended complaint, and (3) allowing Wife to keep her married name.

1.  As to whether the family court erred in concluding venue was proper in Richland County: *Ex parte McMillan*, 319 S.C. 331, 335, 461 S.E.2d 43, 45 (1995) (explaining that a party cannot concede an issue at trial and then raise it on appeal); *Holroyd v. Requa*, 361 S.C. 43, 65, 603 S.E.2d 417, 428-29 (Ct. App. 2004) ("A motion for a change of venue is addressed to the sound discretion of the trial [court] and will not be disturbed absent an abuse of discretion."); *Nagy v. Nagy-Horvath*, 273 S.C. 583, 587, 257 S.E.2d 757, 759 (1979) ("[A] person's place of residence is largely one of intent to be determined under the facts and circumstances of each case."); *Miller v. Miller*, 248 S.C. 125, 129, 149 S.E.2d 336, 339 (1966) ("The act and intent as to domicile, and not the duration of residence, are the determining factors.");  *Holden v. Cribb*, 349 S.C. 132, 140-41, 561 S.E.2d 634, 639 (Ct. App. 2002) (explaining that to change residence or domicile, the person must abandon the first domicile and intend not to return to it, and he must acquire a new domicile by residing in another jurisdiction with the intent of making the last acquired residence a permanent home);  *id.* at 141, 561 S.E.2d at 639 ("We daresay [he] has no intent to make the detention center his permanent residence.").

2.  As to Husband's argument that he was never served with Wife's amended complaint: *Beckham v. Durant*, 300 S.C. 329, 333, 387 S.E.2d 701, 704 (Ct. App. 1989) ("[U]nder Rule 12(a) and (b), [SCRCP,] such a defense as insufficiency of process must be made either by responsive pleading or motion within the time period allowed for responding."); *Earthscapes Unlimited, Inc. v. Ulbrich*, 390 S.C. 609, 615, 703 S.E.2d 221, 224 (2010) ("The failure to plead an affirmative defense is deemed a waiver of the right to assert it.").

3.  As to whether the family court erred in allowing Wife to keep her married name: *McMillan*, 319 S.C. at 335, 461 S.E.2d at 45 (explaining that a party cannot concede an issue at trial and then raise it on appeal).

**AFFIRMED.**[1]

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.