**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

IndyMac Federal Bank, FSB, Respondent,

v.

Henry Abel Pol, Patricia Pol a/k/a Patricia A. Pol, Earth Mortgage, LP, d/b/a Earth Mortgage, Defendants,

of Whom Henry Abel Pol is the Appellant.

Appellate Case No. 2011-184446

———————

Appeal From York County
S. Jackson Kimball, III, Master-In-Equity

———————

Unpublished Opinion No. 2013-UP-414
Submitted September 1, 2013 – Filed November 6, 2013

———————

**AFFIRMED**

———————

Henry Abel Pol, of Fort Mill, pro se.

Benjamin Rush Smith, III, and Michael J. Anzelmo, both of Nelson Mullins Riley & Scarborough, LLP, of Columbia; and John Patrick Fetner, of Rogers Townsend & Thomas, PC, of Charlotte, NC, for Respondent.

———————

**PER CURIAM:**  Henry Abel Pol appeals the trial court's order finding him in contempt, arguing the trial court erred because it (1) proceeded with the case when IndyMac lacked standing, (2) proceeded with the case when there was no case or controversy, (3) tortiously interfered with a private agreement between Pol and IndyMac, thus interfering with their right to contract, (4) conducted the rule to show cause hearing in a closed court with no unbiased witnesses, (5) conducted the rule to show cause hearing in a closed court where Pol was brought to the hearing under threat, duress, and coercion while handcuffed and without his glasses or a pen and paper to take notes, (6) conducted the hearing in a manner that constituted an act of barratry against Pol, (7) conducted the hearing under circumstances that defrauded and misled Pol and denied him due process, (8) practiced law from the bench in a closed court, (9) refused to identify itself, (10) failed to prove the documents Pol submitted were frivolous, (11) kidnapped Pol and interfered with a matter that was already settled, (12) deprived Pol of due process, (13) denied Pol a fair trial with an impartial judge, (14) failed to produce the oath of office when Pol requested it, (15) found Pol served frivolous documents on the court, (16) found Pol failed to file legal notice that he was an attorney-in-fact for IndyMac, (17) issued a writ of assistance to the sheriff to forcibly remove Pol from his allegedly foreclosed home, (18) incarcerated Pol and sold his home, which was an act of barratry, and (19) conspired with IndyMac to forcibly remove Pol from his home.[1] We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to issues 1, 3-9, 11-14, 17-19:  *Pye v. Estate of Fox*, 369 S.C. 555, 564, 633 S.E.2d 505, 510 (2006) ("It is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) ("A party *must* file [a Rule 59(e), SCRCP,] motion when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review."); *Herron v. Century BMW*, 395 S.C. 461, 465, 719 S.E.2d 640, 642 (2011) ("Constitutional arguments are no exception to the preservation rules, and if not raised to the trial court, the issues are deemed waived on appeal."); *Elam*, 361 S.C. at 24, 602 S.E.2d at 780 ("South Carolina appellate courts do not recognize

---

[1] We have combined duplicative issues and re-worded the issues as set forth in Pol's brief.  Although Pol raises additional issues in the argument section of his brief, we only address the issues set forth in the statement of the issues on appeal. *See* Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal.").

the 'plain error rule,' under which a court in certain circumstances is allowed to consider and rectify an error not raised below by the party.").

2. As to issue 2: *Holden v. Cribb*, 349 S.C. 132, 137, 561 S.E.2d 634, 637 (Ct. App. 2002) ("A threshold inquiry for any court is a determination of justiciability, *i.e.,* whether the litigation presents an active case or controversy."); *id.* ("A justiciable controversy is a real and substantial controversy which is appropriate for judicial determination, as distinguished from a dispute or difference of a contingent, hypothetical or abstract character."); *id.* at 137-38, 561 S.E.2d at 637 ("A case becomes moot when judgment, if rendered, will have no practical effect upon [an] existing controversy." (citation and internal quotation marks omitted)).

3. As to issue 10: *Miller v. Miller*, 375 S.C. 443, 452, 652 S.E.2d 754, 759 (Ct. App. 2007) ("An appellate court should reverse a decision regarding contempt 'only if it is without evidentiary support or the trial [court] has abused his discretion.'" (quoting *Durlach v. Durlach*, 359 S.C. 64, 70, 596 S.E.2d 908, 912 (2004))); *id.* ("An abuse of discretion occurs either when the court is controlled by some error of law or where the order, based upon findings of fact, lacks evidentiary support."); *id.* at 454, 652 S.E.2d at 759 ("Contempt results from the willful disobedience of an order of the court."); *id.* at 454, 652 S.E.2d at 759-60 ("A willful act is one which is 'done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law.'" (quoting *Widman v. Widman*, 348 S.C. 97, 119, 557 S.E.2d 693, 705 (Ct. App. 2001))); Black's Law Dictionary 739 (9th ed. 2009) (defining frivolous as "[l]acking a legal basis or legal merit; not serious; not reasonably purposeful"); *Rushing v. McKinney*, 370 S.C. 280, 295, 633 S.E.2d 917, 925 (Ct. App. 2006) (finding it was unreasonable for the appellant to believe he had the right to rely on silence as assent when he proposed an agreement).

4. As to issues 15 and 16: *Miller*, 375 S.C. at 452, 652 S.E.2d at 759 ("An appellate court should reverse a decision regarding contempt 'only if it is without evidentiary support or the trial judge has abused his discretion.'" (quoting *Durlach*, 359 S.C. at 70, 596 S.E.2d at 912)); *id.* ("An abuse of discretion occurs either when the court is controlled by some error of law or where the order, based upon findings of fact, lacks evidentiary support."); *id.* at 454, 652 S.E.2d at 759 ("Contempt results from the willful disobedience of an order of the court."); *id.* at 454, 652 S.E.2d at 759-60 ("A willful act is one which is 'done voluntarily and intentionally with the specific intent to do something the law forbids, or with the

specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law.'" (quoting *Widman*, 348 S.C. at 119, 557 S.E.2d at 705)).

**AFFIRMED.**[2]

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.