**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Galen E. Burdeshaw, Appellant,

v.

Jennifer Marie Burdeshaw, Respondent.

Appellate Case No. 2013-000504

Appeal From Greenville County
Jerry D. Vinson, Jr., Family Court Judge

Unpublished Opinion No. 2014-UP-349
Heard September 11, 2014 – Filed October 1, 2014

**AFFIRMED**

Adam Fisher, Jr., The Fisher Law Firm, of Greenville, for Appellant.

Gwendolynn Wamble Barrett, Barret Mackenzie, LLC, of Greenville, for Respondent.

**PER CURIAM:** After Husband, Galen Burdeshaw, filed a divorce action against Wife, Jennifer Burdeshaw, the family court signed a temporary order on June 16, 2012 containing the following two provisions: (1) "[N]either party may sell, alienate, hide[,] destroy, give away or encumber any marital assets or potential

marital assets during the pendency of this action."; and (2) "Wife has provided Husband a list of certain items she would like to retrieve from the residence. Wife shall be entitled to obtain possession of those items which Husband does not find objectionable. For those items which Husband objects to Wife having possession of, those items shall remain at the home pending further court order."

On June 17, 2012, Wife went to the marital home to retrieve personal items that she and Husband had previously agreed she could obtain. Upon arriving at the home, Wife discovered the items were damaged, destroyed, missing, or not returned to her in the condition they were in at the time she left the marital home in March 2012. Wife subsequently brought a rule to show cause asking the family court to hold Husband in contempt for violating the temporary order. The family court found Husband in willful contempt of the temporary order.

In appeals from the family court, this court reviews factual and legal issues de novo. *Crossland v. Crossland*, 408 S.C. 443, 451, 759 S.E.2d 419, 423 (2014). We agree with the family court's contempt order findings that: (1) "Husband's actions were spiteful and in complete disregard for the Wife's property."; and (2) "Husband's actions were outside of the scope of [the] [c]ourt's previous Order . . . and clearly caused damage and a loss of property of the Wife."

As to Husband's arguments concerning cross-examination and the absence of a transcript from the August 2012 hearing, it is apparent from the record made at the Motion to Reconsider that both parties agreed at the August 2012 hearing to proceed by summary trial without cross-examination. A party cannot acquiesce to an issue at trial and then complain on appeal. *Ex parte McMillan*, 319 S.C. 331, 335, 461 S.E.2d 43, 45 (1995). Therefore, Husband's cross-examination argument is procedurally barred and his argument concerning the lack of a transcript is meritless.

Accordingly, we affirm the family court's factual findings and contempt order.

**AFFIRMED.**

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**