**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

John Sherrill and Estate of Gaye Marie Reynolds,
Appellants,

v.

Gary Moore and Robert Moore, Respondents.

Appellate Case No. 2013-001433

Appeal From Horry County
Cynthia Graham Howe, Master-in-Equity

Unpublished Opinion No. 2014-UP-466
Submitted November 1, 2014 – Filed December 17, 2014

**AFFIRMED**

Gene McCain Connell, Jr., of Kelaher Connell & Connor, P.C., of Surfside Beach, for Appellants.

Cheevin Ty Gardner, of Gardner Law Office, of Myrtle Beach, for Respondent Robert Moore; and Kimberley Elizabeth Campbell, of Kimberley Campbell, LLC, of Murrells Inlet, for Respondent Gary Moore.

**PER CURIAM:** John Sherrill, as personal representative of the estate of Gaye Marie Reynolds, appeals the Master-in-Equity's order finding the successful bidder at a judicial sale of Gary Moore's interest in real property must pay cash in an amount equal to the homestead exemption, as well as the Master-in-Equity's subsequent orders denying Sherrill's motion to reconsider. On appeal, Sherrill argues the Master-in-Equity erred in (1) holding he could not raise a new constitutional argument in his motion to reconsider, (2) applying *Holden v. Cribb*[1] to this case, (3) finding Moore's house was his residence for purposes of the homestead exemption, and (4) finding the successful bidder must pay cash in an amount equal to the homestead exemption. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether Sherrill could raise new arguments in his motion to reconsider: *Commercial Credit Loans, Inc. v. Riddle*, 334 S.C. 176, 186, 512 S.E.2d 123, 129 (Ct. App. 1999) (holding, on appeal from supplementary proceedings before the Master-in-Equity, that an issue was unpreserved because it was raised for the first time in a motion for reconsideration).

2. As to whether the Master-in-Equity erred in applying *Holden* to this case, we find *Holden* is directly on point and any factual distinctions between *Holden* and this case are legally insignificant. We further find unpersuasive Sherrill's argument that it would be inequitable to apply *Holden* to this case because the homestead exemption statute excludes fraudulent conveyances. *See Hodges v. Rainey*, 341 S.C. 79, 86, 533 S.E.2d 578, 582 (2000) (explaining "[t]he canon of construction *expressio unius est exclusio alterius* or *inclusio unius est exclusio alterius* holds that to express or include one thing implies the exclusion of another, or of the alternative" (internal quotation marks omitted)).

3. As to whether Moore's house was his residence for purposes of the homestead exemption: *Holden*, 349 S.C. at 140-41, 561 S.E.2d at 639 (ruling incarceration does not affect the status of one's residence for purposes of the homestead exemption).

4. As to whether the successful bidder must pay cash in an amount equal to the homestead exemption: *Holden*, 349 S.C. at 138-39, 561 S.E.2d at 638 (ruling a

---

[1] 349 S.C. 132, 561 S.E.2d 634 (Ct. App. 2002).

cash payment is required to satisfy the homestead exemption at a judicial sale, even if the successful bidder is the judgment creditor).

**AFFIRMED.**[2]

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.