**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

U.S. Bank National Association Successor trustee to LaSalle Bank National Association, as trustee under the Pooling and Servicing Agreement, dated as of April 1, 2002, among Asset Backed Funding Corporation, Litton Loan Servicing, LP and LaSalle Bank National Association, ABFC Asset Backed Certificates, Series 2002-SB-1, Respondent,

v.

Kelley Burr, FIA Card Services, N.A.; Discovery Bank, Issuer of the Discover Card; Unifund CCR Partners, Defendants,

Of whom Kelley Burr is the Appellant.

Appellate Case No. 2012-213309

Appeal From Kershaw County
George C. James, Jr., Circuit Court Judge

Unpublished Opinion No. 2015-UP-091
Heard December 9, 2014 – Filed February 25, 2015

**AFFIRMED**

Andrew Sims Radeker, of Harrison & Radeker, P.A., of Columbia, for Appellant.

Sean A. O'Connor, of Finkel Law Firm, LLC, of North Charleston, for Respondent.

---

**PER CURIAM:**  Kelly Burr appeals the trial court's dismissal of her defenses and counterclaims in U.S. Bank's foreclosure action.  We affirm.

The trial court was correct in dismissing Burr's defenses and counterclaims for mootness.  We agree with the trial court that a judgment in her favor would have no practical effect on the controversy.  As Burr had been offered the primary relief which she sought, a negotiated loan modification, we agree with the trial court's dismissing her counterclaims and defenses.  "A case becomes moot when judgment, if rendered, will have no practical effect upon [an] existing controversy."  *Holden v. Cribb*, 349 S.C. 132, 137, 561 S.E.2d 634, 637 (Ct. App. 2002) (omitted quotation marks).  Burr sought a modification of her mortgage.  U.S. Bank offered a modification and continued to make efforts to work with Burr on her loan modification throughout the litigation.

We also agree with the trial court's dismissing Burr's affirmative defenses.  As the trial court looked beyond the pleadings to the loan modification process, we review the court's dismissal of Burr's affirmative defenses as a grant of summary judgment.  *See* Rule 12(c), SCRCP ("If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56,"); *Brown v. James*, 389 S.C. 41, 47 n.5, 697 S.E.2d 604, 607 n.5 (Ct. App. 2010) (applying the standard of review for summary judgment and explaining that in considering matters outside of the pleadings, the trial court effectively treated defendant's Rule 12(b)(6), SCRCP, motion to dismiss as a Rule 56, SCRCP, motion for summary judgment); *Gilbert v. Miller*, 356 S.C. 25, 27, 586 S.E.2d 861, 862 (Ct. App. 2003) (holding that when the trial court considers matters outside the pleadings, the motion to dismiss is converted to one for summary judgment).  Summary judgment is appropriate if there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Rule 56(c), SCRCP.  Before and after U.S. Bank's foreclosure action, Burr did not provide the documents requested by U.S. Bank, which made

U.S. Bank unable to complete the loan modification offered to Burr. Her defenses and counterclaims were reviewed by the trial court, deemed insufficient, and dismissed.

We decline to address Burr's remaining issues because we find the prior issues are dispositive. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address remaining issues when disposition of prior issue is dispositive).

**AFFIRMED.**

**HUFF, SHORT, and KONDUROS, JJ., concur.**