**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Shonta Helton, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2016-002388
Lower Court Case No. 2014-CP-43-02068

———————————

Appeal From Sumter County
The Honorable W. Jeffrey Young, Trial Judge
The Honorable George C. James, Jr., Post-Conviction
Relief Judge

———————————

Memorandum Opinion No. 2018-MO-026
Submitted June 6, 2018 – Filed July 5, 2018

———————————

**AFFIRMED**

———————————

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Julie Amanda Coleman, of Columbia,
for Respondent.

———————————

**PER CURIAM:**   Petitioner seeks a writ of certiorari from the denial of her application for post-conviction relief (PCR).

The petition is denied on petitioner's Question 2.  Because there is sufficient evidence to support the PCR judge's finding that petitioner did not knowingly and intelligently waive her right to a direct appeal, we grant certiorari on petitioner's Question 1, dispense with further briefing, and proceed with a review of the direct appeal issues pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986).

Petitioner's conviction and sentence are affirmed pursuant to Rule 220(b)(1), SCACR, and the following authorities: Petitioner's Issue 1: *Davis v. Parkview Apartments*, 409 S.C. 266, 285, 762 S.E.2d 535, 545 (2014) (appellate courts give great weight to a trial judge's assurance of his own impartiality, and it is the movant's responsibility to provide some evidence of the existence of the judge's bias or prejudice); *Patel v. Patel*, 359 S.C. 515, 524, 599 S.E.2d 114, 118 (2004) (absent evidence of judicial prejudice, a judge's failure to disqualify himself will not be reversed on appeal); Petitioner's Issue 2: *State v. Mitchell*, 330 S.C. 189, 195, 498 S.E.2d 642, 645 (1998) (where counsel acquiesces in the judge's ruling and makes no other objections regarding the issue, the issue is not preserve for appeal); *Ex parte McMillan*, 319 S.C. 331, 335, 461 S.E.2d 43, 45 (1995) (an issue conceded at trial cannot be argued on appeal); *Richland Cty. v. Carolina Chloride, Inc.*, 382 S.C. 634, 656, 677 S.E.2d 892, 903 (Ct. App. 2009) (an issue expressly waived during trial is not preserved for appellate review), *aff'd in part, rev'd in part on other grounds*, 394 S.C. 154, 714 S.E.2d 869 (2011).


**AFFIRMED.**

**BEATTY, C.J., KITTREDGE, HEARN and FEW, JJ., concur.  JAMES, J., not participating.**